EPHRAIM C. GATES et al., Appellants, v. JAMES C. DE LA MARE, Respondent.

The lien of a mortgage attaches not only to the land in the condition it was at the execution of the mortgage, but to everything which, during its existence, becomes by annexation a part of the realty.

When land is acquired by the city of New York for street purposes, all pre-existing titles and interests become extinguished, the award of the commissioners of estimate and assessment standing as a substitute for the land taken, and when the lands taken are mortgaged, the mortgagee is entitled to have the award applied upon his mortgage to the extent necessary for his protection.

In June, 1888, commissioners of estimate and assessment were appointed to acquire title to lands in the city of New York for a street that was laid out through the lands of D., which were then covered by a mortgage In November, 1888, D. entered into an agreement with defendant, an attorney, authorizing the latter to take proceedings to have any award made to D. for the land taken for the street increased, and agreeing to pay him for his services one-fourth of any increase. In February, 1890, the commissioners made their preliminary report making an award for the land taken Defendant thereupon appeared before the commissioners, and, by his efforts, the award was increased $3,484. The final report of the commissioners was confirmed May 1, 1891. After the date of the first report, but before its confirmation, an action was commenced to foreclose the mortgage; the city was not made a party. In March, 1891, judgment of foreclosure and sale was entered ; in April the whole of the mortgaged premises were sold pursuant to the judgment, and a deed was executed to the purchaser May 25, 1891. In

`an action to determine who was entitled to the award, upon which defendant claimed a lien under said agreement, *held*, that the mortgage was the paramount lien ; that the mortgagee, not having been a party to the agreement with defendant, was not bound thereby ; that as the sale was before the confirmation of the commissioners' report, and so before the city acquired title (§ 900, chap. 410, Laws of 1882), the purchaser by his deed took title to all the mortgaged premises, and as when the city acquired title the award stood as a substitute for so much of the land purchased as was taken by the city, the purchaser's deed operated to carry the award, and although this was increased by defendant's services, the purchaser was entitled to the whole thereof.

*Home Ins. Co.* v. *Smith* (28 Hun, 296), distinguished.

(Argued April 13, 1894; decided May 1, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 18, 1892, which affirmed an interlocutory judgment, entered upon an order of Special Term, overruling plaintiffs' demurrer to the answer herein, and directed a final judgment in favor of defendant.

The question presented upon this appeal arises upon the following facts: September 16, 1887, one Denninger, being the owner of certain lands in the city of New York, on that day executed, together with his wife, to the Harlem Savings Bank a mortgage thereon for $5,000. Afterwards proceedings were instituted in behalf of the mayor, aldermen and commonalty of the city of New York for the purpose of acquiring title to lands required for Melrose avenue, which was laid out through the lands of Denninger. On June 7, 1888, commissioners of estimate and assessment were appointed in the proceedings. On November 16, 1888, Denninger entered into an agreement, in writing, with the defendant, an attorney of the court, whereby he authorized him to take proceedings to have any awards which might be made to Denninger for the part of his property to be taken for the avenue increased, and any assessment upon any of his property reduced, and agreed that in case the defendant should succeed " in obtaining any increase of such awards, or reduction of such assessments, to pay him (defendant) one-quarter of the amount of such

increase or reduction." The commissioners made their preliminary report, of which notice was given February 14, 1890, in which they awarded to Denninger for the part of his land to be taken for the avenue the sum of $8,100. The defendant thereupon appeared before the commissioners, and as the result of his efforts the award was increased $3,484 over that originally made. The final report of the commissioners was dated Oct. 1, 1890, and was confirmed by order of the court May 1, 1891. Meanwhile, on February 4, 1891, after the date of the final report, but before its confirmation, an action was commenced against Denninger and others for the foreclosure of the mortgage to the Harlem Savings Bank. The city of New York was not made a party to the foreclosure action. March 28, 1891, judgment of foreclosure and sale was entered. April 21, 1891, the mortgaged premises were sold at public sale, pursuant to the judgment, to one Jacob L. Toch. The amount bid does not appear. The sum ascertained by the judgment to be due on the mortgage was $5,461.73. May 25, 1891, the referee appointed in the foreclosure judgment to make the sale executed to the purchaser a deed in which was recited the prior judgment and proceedings and which purported to convey to Toch the whole premises embraced in the mortgage to the Harlem Savings Bank. The city has paid into court the amount of the award made to Denninger. The defendant claims a lien on the award under his agreement with Denninger of Nov. 16, 1888, to the extent of $871, with interest, that being one-fourth of the increase of the final award over the original award made by the commissioners.

The plaintiffs, who have succeeded to the rights of Jacob L. Toch, the purchaser on the foreclosure sale, claim that by his purchase and the conveyance made pursuant thereto, the title to the whole award became vested in him, free from any lien in favor of the defendant.

*George W. Stephens* for appellants. At the time of the foreclosure sale the city had not yet acquired any title to the land

for which this award was subsequently made. (Laws of 1882, chap. 410, § 990; *In re Eleventh Ave.*, 81 N. Y. 436.) The entire premises, including the portion subsequently taken for Melrose avenue, were properly sold by the referee without regard to the pending condemnation proceedings. (Laws of 1882, chap. 410, § 990.) The referee's deed, although delivered after the confirmation of the commissioners' report, vested in the purchaser as full and perfect a title to the award as though it had been delivered before such confirmation. (*Engelhard* v. *City of Brooklyn*, 3 Misc. Rep. 30; *Banks* v. *Roberts*, 44 N. Y. 192; *McLaren* v. *H. Ins. Co.*, 5 id. 151; *Sears* v. *Burnham*, 17 id. 455.) The defendant was not a necessary or proper party to the foreclosure suit (*Randall* v. *Van Wagener*, 115 N. Y. 527; *Pulver* v. *Harris*, 52 id. 73; *Platt* v. *Jerome*, 19 How. [U. S.] 384; *Martin* v. *Hawks*, 15 Johns. 405; *People ex rel.* v. *N. Y. C. P.*, 13 Wend. 652.) This appeal was properly taken. (Code Civ. Pro. § 1336.)

*James C. De La Mare* for respondent. The defendant had an equitable lien upon the award for services in procuring the increase. (*McGregor* v. *Comstock*, 28 N. Y. 237; *Ely* v. *Cooke*, Id. 265, 372, 373; *Marshal* v. *Meech*, 51 id. 141, 143; *Wright* v. *Wright*, 70 id. 140; *Coughlin* v. *N. Y. C. R. R. Co.*, 71 id. 443, 448; *Fairbanks* v. *Sargent*, 104 id. 108; 117 id. 320; *Boyle* v. *Boyle*, 106 id. 654; *Chester* v. *Jumell*, 125 id. 237; *Harwood* v. *La Grange*, 137 id. 538; Overton on Liens, §§ 52, 54, 57; *H. Ins. Co.* v. *Smith*, 28 Hun, 296; *Rooney* v. *S. A. R. R. Co.*, 18 N. Y. 368, 371.) It is settled that an agreement that an attorney shall be compensated out of a fund to be recovered creates a lien thereon. (*Williams* v. *Ingersol*, 23 Hun, 284; *Fairbanks* v. *Sargent*, 29 id. 588; 104 N. Y. 108; *Brown* v. *Mayor, etc.*, 11 Hun, 21; *Wylie* v. *Coxe*, 15 How. [U. S.] 415.) The defendant is an equitable assignee of the award to the amount of $871 agreed to be paid him. (Overton on Liens, § 62; *Coughlin* v. *N. Y. C. R. R. Co.*, 71 N. Y. 443, 449; *Wright* v. *Wright*, 70 id. 98; *Marshal* v. *Meech*, 41 id. 140, 143; *Rooney* v. *S. A. R. R.*

*Co.*, 18 id. 368.)    Even if there had been no express agree-
ment, equity would create a lien on the fund, because on
general considerations of justice defendant should be compen-
sated for what he had done.    (13 Am. Ency. of Law [Liens],
610.)    The lien will prevail not only against Denninger, but
also against all persons, including plaintiff, who claim under
him.    (Meacham on Agency, § 864; *Schwartz* v. *Schwartz*,
21 Hun, 133; *Williams* v. *Crane*, 23 id. 284; *Ellis* v. *Horr-
man*, 90 N. Y. 466.)    The defendant being the equitable
assignee of the award to the extent of his agreed compensation,
prior in time to the transfer of the award to plaintiffs, will be
protected though he had given no notice to the subsequent
assignees, the plaintiffs.    (*Fairbanks* v. *Sargent*, 104 N. Y.
108.)    The purchaser at the foreclosure sale acquired no title
to the land taken for Melrose avenue or the award made for
said land, and the deed to plaintiffs conveyed no more than
their grantor had — nothing.    (Laws of 1882, chap. 410, § 990;
*In re Eleventh Ave.*, 81 N. Y. 436; *H. Ins. Co.* v. *Smith*, 28
Hun, 296; 3 Pom. Eq. Juris. 135, § 1167; *Ballou* v. *Ballou*,
78 N. Y. 325; *King* v. *Mayor, etc.*, 102 id. 171, 175; *Aspin-
wall* v. *Balch*, 4 Abb. [N. C.] 193, 196; *Mitchell* v. *Bartlett*,
51 N. Y. 452; *Cheney* v. *Woodruff*, 45 id. 100; *M. L. Ins.
Co.* v. *Balch*, 4 Abb. [N. C.] 200.)

ANDREWS, Ch. J.    The mortgage to the Harlem Savings
Bank was a paramount lien on the mortgaged property.    The
title of Denninger was subject to the mortgage, and any
rights in the land which he might subsequently create would
be subordinate to the mortgage.    The power of sale upon
default in the payment of the mortgage was an essential ele-
ment of the mortgage security, and could not be taken away
or impaired by any act or contract of the mortgagor.    The
lien of a mortgage attaches not only to the land in the con-
dition in which it was at the execution of the mortgage, but
to everything which becomes by annexation a part of the
realty during the existence of the mortgage.    Improvements
made upon the land and buildings or structures erected

thereon by the owner are immediately covered by the lien of
the mortgage as effectually as though they had existed when
the mortgage was executed. The statute authorizes liens in
favor of mechanics and materialmen who have furnished
labor or materials in the erection of buildings under a con-
tract with the owner of lands. But liens so acquired cannot
displace the lien of a prior mortgage, although the mortgage
security has been strengthened by the new erections, nor,
indeed, even though they furnished the principal element of
value which made the mortgage collectible. We refer, of
course, to cases where the mortgagee was not a party to the
transaction and had not consented to subordinate his lien to
the claims of other creditors.

The agreement between Denninger and the defendant was
made in November, 1888, more than a year after the mort-
gage had been made to the savings bank. The bank was not a
party to the agreement, nor, so far as appears, did it have
any notice of its existence until after the sale on the foreclos-
ure of the bank mortgage on the 21st of April, 1892. When
the agreement was made proceedings had been instituted by
the city of New York to acquire title to part of the lands of
Denninger covered by the mortgage, for the purpose of a
street, under the right of eminent domain. The agreement
was entered into by Denninger as owner of the lands and for
his own benefit. He could not make any agreement binding
upon the savings bank, or which would affect its rights under
the mortgage. If the proceedings were prosecuted to a final
consummation the city would acquire title to a part of the
mortgaged premises required for the street. All pre-existing
titles and interests would thereupon become extinguished and
the award of the commissioners would stand as a substitute for
the land taken. Where the lands taken are mortgaged, the
mortgagee would be entitled to have the award applied upon his
mortgage to the extent necessary for his protection, and the
remainder would be payable to the owner of the land. The court
upon application would adjust the rights of the several claimants
of the award according to their legal and equitable interests.

(*Astor* v. *Hoyt*, 5 Wend. 605 ; *Bank of Auburn* v. *Roberts*, 44 N. Y. 192; *Barnes* v. *Mayor*, 27 Hun, 236 ; 1 Jones on Mort. § 708.) The agreement of November 16, 1888, between Denninger and the defendant, was, on its face, a personal contract between the parties, upon which, so far as appears, an action may now be maintained by the defendant to recover the stipulated compensation. It may be conceded, also, that upon the making and confirmation of the award, the agreement operated as an equitable assignment to the defendant of any interest of Denninger therein, to the extent of the compensation agreed upon. But we perceive no principle whereby the claim of the defendant can be preferred as against the savings bank mortgage. If all the property covered by the mortgage had been taken by the city, the defendant could have made no claim on the award except upon any surplus remaining after payment of the mortgage debt. It may be true that the defendant, by his services, increased the award. But in rendering these services, he was acting under the employment of Denninger, and not as the agent or employee of the mortgagee. In law, the final award represented the actual value of the land, no more and no less, and the land was primarily pledged as security for the mortgage, and the priority of lien was transferred from the land to the award, and could not be subordinated to a lien subsequently created by Denninger in favor of the defendant, for services in the condemnation proceedings, however beneficial these services may have been either to Denninger or the mortgagee. So, also, a title to the award derived under the mortgage would be paramount to any lien or claim of the defendant under his agreement with Denninger. The right to enforce the mortgage by sale of the mortgaged premises, and to vest in the purchaser the land mortgaged, extinguishing thereby the title of the mortgagor, is, as we have said, one of the most important elements in a mortgage security. When the premises were bid off by Toch on the sale on the foreclosure judgment, April 21, 1891, there had been no confirmation of the report of the commissioners of estimate and appraisal. The confirmation did not

take place until May 1, 1891. The title of Denninger to the lands included in the street was not divested at the time of the sale. By the terms of the Consolidation Act, under which the street opening proceedings were taken, the title of the owner is not divested until the confirmation of the report of the commissioners. Indeed, until that event the proceedings may, in a certain contingency, be abandoned. (Consolidation Act of 1882, § 900; *Matter of 17th Street,* 1 Wend. 262; *Matter of 11th Avenue,* 81 N. Y. 436.) Toch, the purchaser on the foreclosure sale, became entitled to a conveyance from the referee on completing his purchase, and he received a deed May 25, 1891, purporting to convey the entire premises sold. This deed was in accordance with the sale, but intermediate the sale and the conveyance, and on May 1, 1891, the court had confirmed the report of the commissioners. Much was said on the argument upon the question whether the deed of May 25th took effect by relation as of the date of the sale. It does not seem to us that this is a material inquiry. The sale was in fact followed by a deed made in pursuance thereof. The purchaser, on completing his purchase, became entitled to a deed of the whole land embraced in the mortgage. If, on the day of the purchase, the deed had been executed, the subsequent award would unquestionably have belonged to the purchaser. The deed, when executed, operated, we think, to carry the award which, at that date, represented a part of the land purchased. It was a part of the mortgage contract that on default the mortgaged premises could be sold and the title transferred by a public judicial sale. The defendant's agreement was subject to this right. The deed, when executed, confirmed the sale previously made, and transferred the award to the purchaser free from any claim either of Denninger or the defendant. All parties interested in the land, or claiming liens thereon, could have protected their rights by seeing that the premises upon the sale brought their full value. So, also, if they had inadvertently omitted to protect their rights on the sale, or other circumstances had occurred after

the sale which made it inequitable to complete it, they could have applied to the court for a re-sale or other equitable relief. We think, however meritorious the claim of the defendant may be, the sustaining of the judgment in this case would furnish a dangerous precedent, affecting the security of mortgages on land. The case of *Home Insurance Company* v. *Smith* (28 Hun, 296) arose between the plaintiff, who claimed under an assignment of an award in street opening proceedings from the purchaser on the foreclosure of a mortgage, which covered part of premises subsequently taken for a street, and the defendants, who claimed a lien on the award under an agreement similar to the one in this case, made with the owner of the mortgaged premises. The sale on the foreclosure was made after the report of the commissioners of assessment and estimate had been confirmed, and brought enough to satisfy the mortgage. It was held that the title of the owner to the part of the mortgaged premises taken for the street having been divested by the confirmation of the report prior to the sale on the foreclosure judgment, the sale operated only upon the remaining land, and that the part of the land for which the award was made was as " completely excluded by the proceedings from the mortgage as though it had never been incumbered by it," and that, consequently, the purchaser acquired no title in law or equity to the award and could transfer none. It was held that, under the circumstances, the award belonged to the owners of the land taken and was subject to the lien created by their agreement. This case has no analogy to the present one.

The judgment of the General and Special Terms should be reversed and the demurrer of the plaintiff to the answer sustained, with leave to the defendant to answer on payment of costs.

All concur.

Judgment accordingly.