CHARLES G. LAWRENCE v. LONDON & NORTHWEST AMERICAN
MORTGAGE COMPANY, Limited.[1]

April 15, 1898.

Nos. 11,064—(211)

**Mortgage—Exception of Part of Street "Already Taken and Graded"
—Eminent Domain.**

> After the description of the premises, the mortgage contained the following clause: "This mortgage excepts from the within description all that part already taken and graded for Dakota avenue." At the time of the execution of the mortgage, proceedings by the city were pending to condemn a 33-foot strip of the land along said avenue for the purpose of widening it, the city had graded the strip, and the public were using it as a part of the street. Subsequently the condemnation proceedings were abandoned. *Held*, the 33-foot strip was excepted from, and not covered by, the mortgage.

Appeal by defendant from an order of the district court for Ramsey county, Otis, J., denying its motion for a new trial after findings and order for judgment in favor of plaintiff. Affirmed.

*W. H. Yardley*, for appellant.

*Warner, Richardson & Lawrence*, for respondent.

CANTY, J.

On August 13, 1888, one Lawton was the owner of a certain tract of land in the city of St. Paul, one side of which tract bordered on Dakota avenue, a street 33 feet wide. But shortly prior to that time the city had, for the purpose of widening said street, commenced proceedings to condemn out of said tract a strip of land 33 feet wide bordering on the street, and of the whole length of said tract along the street. The condemnation proceedings were pending and not completed on said August 13, and prior to that time the city had entered upon said 33-foot strip, and graded the same as a part of the street, and the public were using it as a part of the street. On that day Lawton conveyed the whole tract to one Carlson by deed in which the tract was described by metes and bounds. At the same time Carlson made to Lawton a purchase-money mort-

[1] Reported in 74 N. W. 892.

gage, in which the tract is described in the same manner, and after said description the following clause was inserted:

"It is hereby agreed and understood this mortgage excepts from the within description all that part already taken and graded for Dakota avenue."

After the execution of this deed and mortgage, the condemnation proceedings were abandoned, the mortgage was duly foreclosed, the defendant mortgage company became the purchaser at the foreclosure sale, the time to redeem expired, and said mortgage company became the owner of all the land so mortgaged. Thereafter the city commenced new condemnation proceedings to condemn the 33-foot strip for the purpose of widening the street, the strip was duly condemned, and the sum of $500 awarded to the owner of it. This action was brought by the grantee of Carlson to recover the $500, and the mortgage company was, under the statute, substituted as defendant instead of the city, and the money paid into court. On the trial in the court below without a jury, the court found for plaintiff. From an order denying a new trial, defendant appeals.

The only question in the case is whether the mortgage covered the 33-foot strip, and we are of the opinion that it did not. While the above-quoted clause in the mortgage is awkwardly worded, we cannot take it as it stands, and construe it as anything but an exception of the 33-foot strip from the grant. Appellant lays much stress on the fact that it is wholly unreasonable that the mortgagee intended to take a mortgage on land which might turn out to be totally cut off from any street. Counsel contends that the word "taken," in said clause, should be construed as covering only that which has been fully taken by completed condemnation proceedings, and cites in support of his position Mayor v. Curran, 24 Abb. N. C. 128, 3 N. Y. Supp. 533; In re Street Opening, 68 Hun, 562, 22 N. Y. Supp. 1021.

The language of the exception in each of these cases was materially different. Even if the word "taken" could be construed as appellant contends, still that would not dispose of this case. The word "graded" would still remain, and it cannot be rejected as meaningless. The clause would still except from the description

in the mortgage "all that part already graded for Dakota avenue," and the extrinsic evidence shows that the whole 33 feet were so graded. We are of the opinion that the two words, "taken" and "graded," should be construed together, and when so construed the word "taken" cannot be given the meaning contended for by appellant. The circumstances going to show that, if this interpretation is adopted, the mortgagee has made an unreasonable or a foolish bargain, might have had great weight in an action to reform the mortgage for fraud or mistake, but these circumstances have no controlling influence in this action.

Order affirmed.