FARMERS' LOAN & TRUST CO. v. WESTCHESTER COUNTY WATER-
WORKS CO. et al.

(Supreme Court, Appellate Division, Second Department.    February 17, 1911.)

ATTORNEY AND CLIENT (§ 182*)—COMPENSATION—LIEN—PROPERTY SUBJECT TO
LIEN.
    Where, in proceedings by a village to condemn for public use the
property of a waterworks company, the company employed an attorney,
who rendered services resulting in securing a larger award, the attor-
ney did not acquire any lien on the award as against mortgage bond-
holders of the company.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 400;
Dec. Dig. § 182.*]

Appeal from Special Term, Westchester County.

Action by the Farmers' Loan & Trust Company against the West-
chester County Waterworks Company and others.   From the part of
the judgment which denies and dismisses the claim of Louis Marshall
to a lien for legal services on the award of commissioners in con-
demnation proceedings instituted by the board of water commission-
ers of the village of White Plains, he appeals.   Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, CARR,
and WOODWARD, JJ.

Louis Marshall, in pro. per.

Charles Haldane (David McClure, on the brief), for respondent
Farmers' Loan & Trust Co.

Stephen H. Olin, for respondents Municipal Trust Company and
Woodruff.

James Kearney, for respondent Becker.

WOODWARD, J.   The Westchester County Waterworks Company
was the owner of certain property, including a franchise to furnish
water to the village of White Plains.   On the 1st day of July, 1886,
it executed and delivered to the plaintiff, as trustee, a mortgage upon
its property and franchise to secure an issue of bonds amounting to
$100,000, which bonds were payable July 1, 1906.   On the 1st of
January, 1890, the waterworks company issued a second mortgage
upon its property to the same trustee to secure bonds aggregating
$200,000, maturing in 1906, with a provision in the mortgage that
$100,000 of said bonds were to be retained by the plaintiff to retire
at maturity the issue of first mortgage bonds.   All of the first
mortgage bonds and $100,000 of the second mortgage bonds were
sold.   On the 2d day of September, 1896, the board of water com-
missioners of the village of White Plains commenced a proceeding
in condemnation for the acquisition of all of the property of the
Westchester County Waterworks Company, which resulted in a judg-
ment condemning the property for public use in October of that year,
and commissioners of appraisal to determine the compensation to
be paid therefor were duly appointed.   As a result of this litigation,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which lasted for about 13 years, there came into the hands of the plaintiff, as trustee under the two mortgages, the sum of $211,815.-50, and this action was brought by the trustee for the purpose of getting a judicial determination of the rights of the several claimants to this fund. The trustee, as such, has no interest in the disposition which is made of any particular claim. It is merely before the court for instructions as to the manner of disbursing the fund.

The complaint alleges the necessary facts to give jurisdiction of the action, and among other things alleges that the appellant, an attorney at law, for himself and as assignee of a firm of which he is a member, "claims a lien upon the fund in plaintiff's hands to the extent of $10,000, claimed to be the value of legal services rendered by him and by said firm as attorneys for the Westchester County Waterworks Company in the special proceeding above referred to." The Westchester County Waterworks Company, in an unverified answer made by the defendant Marshall's firm, admits the principal allegations of the complaint, and alleges that the services of the appellant were reasonably worth the sum of $10,000 claimed by him, and that he is entitled to a lien upon the fund to the extent of that sum, and asks that it be adjudged that the appellant "has a lien or claim on the fund in the hands of the plaintiff to the extent of $10,-000, and that the said sum of $10,000, together with interest from the 23d day of June, 1909, be paid to him out of the said fund." The defendant Marshall admits in his answer the material allegations of the complaint, and sets up what he denominates "a further separate and distinct defense, and as a counterclaim thereto," a group of facts which show that he was employed by the Westchester County Waterworks Company all through the long litigation, and, it will be assumed for the purposes of this discussion, that these services resulted in securing to the plaintiff in this action, as trustee, a larger fund than would have otherwise been secured. The answer demands judgment in harmony with the allegations of his counterclaim, upon the theory that, having been of service in securing a larger award than would otherwise have been secured, he is entitled to compensation out of the fund for such services. Upon the trial of the action the learned court found that, although the appellant had rendered valuable services to the Westchester County Waterworks ·Company in the condemnation proceedings, he "was not retained or employed by the plaintiff herein as trustee under said mortgage above referred to, and did not render any services to it as its attorney or legal counsel in said proceeding," and as a conclusion of law that he was not entitled to any lien upon the award made in the condemnation proceedings. Exceptions were taken to this conclusion, and appeal comes to this court from the judgment entered.

If we look to the facts, unobscured by the ingenious citations of law brought forward by the learned counsel, we shall not find great difficulty in reaching the conclusion reached by the learned court. The Westchester Waterworks Company had outstanding $200,000 of bonds, secured by mortgage, at the time the condemnation proceeding was instituted. The trustee under the mortgages was interested, in behalf of the holders of the bonds, to secure a sum of money suffi-

cient to meet the demands of the bondholders, and to this end it employed counsel to look after the condemnation proceedings; and it is evident from the record before us that these services were rendered in good faith, and with effect, by the plaintiff's counsel, and these lawyers have been paid out of the fund now in the hands of the plaintiff. The interest of the Westchester County Waterworks Company in the condemnation proceeding was to secure a price for the plant which would not only pay the outstanding mortgages, but leave a surplus which would belong to it, and out of which it could pay for services rendered. Having this interest in the proceeding, the waterworks company employed Mr. Marshall, the appellant, and we have already assumed that his services resulted in increasing the award. It is not disputed, however, that the result of all of the legal services did not produce a sum which leaves a surplus, and unless we are going to hold that the bondholders are equitably bound to pay for the services of an attorney whom they did not employ, either directly or indirectly through their trustee, and who was unable to secure such an award as alone furnished the excuse for his employment, there is nothing to do but affirm the judgment appealed from.

None of the authorities to which our attention has been called sanction any such use of the property of the bondholders, who are the equitable owners of the fund. We apprehend that if there had been no condemnation of the plant of the Westchester County Waterworks Company, and the appellant had been retained as an attorney by the company to protect some other right, it would not be held in a proceeding to foreclose the mortgage that such attorney was entitled to be compensated ahead of the bondholders out of the purchase price of the property upon a judicial sale, and yet the condemnation proceeding is in practical effect a foreclosure of the mortgage. It takes the property free and clear of all incumbrances, and substitutes a sum of money for the land, and this sum of money belongs to the mortgagees to the extent of their interest. Hill v. Wine, 35 App. Div. 520, 54 N. Y. Supp. 892; Carpenter v. City of New York, 51 App. Div. 584, 587, 64 N. Y. Supp. 839; Gates v. De La Mare, 142 N. Y. 307, 312, 37 N. E. 121. If the employé of a third party can come in and force compensation out of the bondholders under a mortgage, on showing that he has been useful in preserving the property, mortgages will have ceased to serve the purpose of a paramount security, and will have little standing in the industrial life of the state.

We have been unable to discover any distinction in principle between the case at bar and that of Gates v. De La Mare, supra, where, in discussing the claim of any attorney for a lien upon the fund, the court say:

"It may be true that the defendant, by his services, increased the award. But in rendering these services he was acting under the employment of Denninger, and not as the agent or employé of the mortgagee. In law, the final award represented the actual value of the land, no more and no less, and the land was primarily pledged as security for the mortgage, and the priority of lien was transferred from the land to the award, and could not be subordinated to a lien subsequently created by Denninger in favor of the defendant, for services in the condemnation proceedings, however beneficial these services may have been either to Denninger or the mortgagee."

In view of this strong language, applying so aptly to the case at bar, we are persuaded that the judgment appealed from is not open to question, and that it should be affirmed.

The judgment, so far as appealed from, should be affirmed, with costs. All concur.