## In re SCHEIER et al.

(Supreme Court, Appellate Division, First Department. December 19, 1913.)

1. ATTORNEY AND CLIENT (§ 182*)—LIEN—SUBJECT-MATTER TO WHICH LIEN ATTACHES.

Under Code Civ. Proc. § 66, now Judiciary Law (Consol. Laws 1909, c. 30) § 475, giving an attorney a lien from the commencement of an action, or the service of an answer containing a counterclaim, upon his client's cause of action or counterclaim which attaches to a verdict, report, decision, judgment, or final order in his client's favor, an attorney employed to represent an owner, whose property is being condemned for public purposes, does not obtain a lien on the land itself but only has a lien upon his client's claim or right to an award.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. § 182.*]

2. EMINENT DOMAIN (§ 245*)—PROCEEDINGS TO TAKE PROPERTY—AWARD.

In condemnation proceedings, the right to an award does not vest in the owner of the property until his title is divested.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 637; Dec. Dig. § 245.*]

Appeal from Special Term, New York County.

Application of Lena Scheier and others for payment of awards. From an order denying their motion to vacate a notice of lien filed by Arthur H. Wadick, they appeal. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Percy F. Griffin, of New York City, for appellants.
Cecilia M. Sheil, of New York City, for respondent.

LAUGHLIN, J. On the 24th day of December, 1912, the final report of the commissioners of estimate and assessment, in a proceeding instituted by the city of New York to acquire title to certain lands required for the opening of East 222d street between the Bronx river

and Seventh street, awarding the sum of $3,494.80 with interest to "unknown owners" for damage parcel No. 57a, was confirmed.

By a deed of conveyance dated the 1st day of May, 1906, recorded on the 5th day of the same month, and executed by one John Stahl and his wife, Pauline, the appellant Buxbaum and Abraham Scheier, the husband of the appellant Scheier, acquired title to this parcel as tenants in common. Thereafter, and on the 30th day of January, 1909, said Abraham Scheier duly conveyed his undivided one-half interest in the said premises to the appellant Scheier; and the deed also purported to assign and convey an undivided one-half interest in the award to be made for the premises in said condemnation proceeding which was then pending and in which commissioners of estimate and assessment had been appointed December 31, 1902. According to the record, title to the premises did not vest in the city of New York until the 9th day of February, 1907, which was long after said conveyance by John Stahl and wife to appellant Buxbaum and Abraham Scheier, but, notwithstanding that fact, said conveyance contained a recital, following the description of the land, as follows:

"Together with any and all awards made or to be made in a proceeding for the opening and widening of the said street or avenue, with interest thereon."

There is no evidence that Wadick was at any time employed to represent the appellants, or that he rendered any services in said proceeding after they acquired title or after Stahl parted with title. There is no evidence that the appellants had actual notice that Wadick, or any attorney, had been employed by their predecessor in title in the condemnation proceeding. Stahl acquired title on the 12th day of August, 1904, and thereupon retained the decedent, Wadick, who was a member of the bar, to look after his interests in the condemnation proceeding. It does not appear that Stahl's predecessor in title, who held the premises at the time the proceeding herein was instituted by the city, appeared in any manner before the commissioners or filed a claim. Two new commissioners were appointed July 19, 1904. It appears by the affidavit of the executrix of the deceased attorney that the minutes of the condemnation proceeding in the Bureau of Street Openings in the office of the corporation counsel show that in the month of November, 1904, the decedent filed in said bureau a notice of appearance on behalf of Stahl, and on the 4th day of March, 1905, filed in said bureau an affidavit showing that he had filed such appearance. The record also shows that Wadick appeared before the commissioners several times and proved Stahl's title to the premises and engaged and examined a real estate expert as to their value, and cross-examined the city's expert. It does not appear when Wadick died, but the record shows that on the 2d day of January, 1907, which was a little more than a month prior to the time title vested in the city, he filed a notice of lien for his services with the comptroller. It does not appear when the report of the commissioners was filed, but the record shows that on the 28th day of December, 1909, it was by order of the court duly sent back to "the new commissioners." It does not appear, otherwise than as already stated, what was meant by "the new commission-

ers"; nor does it appear whether they merely read and considered the testimony theretofore taken, or whether they received further testimony. On December 24, 1912, as already stated, the final report of the commissioners was confirmed.

[1] The only authority for making an award to unknown owners is found in section 985 of the Greater New York Charter, which, on that point, provides as follows:

"Whenever the said commissioners shall be unable to ascertain with sufficient certainty the name of any owner of any parcel of said land, they shall indicate such parcel upon the diagram embracing it, as belonging to unknown owners."

It is suggested by counsel for the respondent, although the fact is not shown by the record, than when the commissioners came to make their report they discovered that the claimant Stahl had conveyed, and that this led them to make the award to unknown owners. However that may be, there is no evidence that the services rendered by the deceased attorney were either accepted by the appellants, or were utilized in their behalf, even by the commissioners, because for aught that appears the award made by the new commissioners may have been based entirely on new evidence. I do not understand that an attorney employed to represent an owner, whose property is being condemned for public purposes, obtains a lien on the land, and that all purchasers are chargeable with notice thereof. In such case, the only lien acquired is that which was prescribed at the time of the employment of the deceased attorney by section 66 of the Code of Civil Procedure, now section 475 of the Judiciary Law (Consol. Laws 1909, c. 30), which is as follows:

"From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order. The court upon the petition of the client or attorney may determine and enforce the lien."

[2] The statute doubtless gives a lien in such case, subject and subordinate, however, to prior liens, upon a claim or right of the client to an award, and the lien attaches to the report of the commissioners and to the final order of confirmation, and to the award when paid (Home Ins. Co. v. Smith, 28 Hun, 296; Gates v. De La Mare, 142 N. Y. 307, 37 N. E. 121), and upon that theory, if the right to the award became vested in Stahl, his grantees became entitled thereto by virtue of the express assignments of that right in the deed, and not by virtue of succeeding to the ownership of the land, then doubtless the appellants succeeded to Stahl's right burdened with the attorney's lien. The rule, however, is well settled that the right to such an award depends, not on ownership at the time the proceeding is instituted or at the time the award is made, but that it vests in the owner at the time his title is divested and not until then, and that it does not pass to his grantee unless expressly assigned. Lewis on Eminent Domain (3d Ed.) vol. 2, § 896; Matter of Board of Street Opening, 68 Hun,

562, 22 N. Y. Supp. 1021; Clarke v. L. I. Realty Co., 126 App. Div. 282, 110 N. Y. Supp. 697; Matter of the Mayor, etc., of New York (Grote Street), 139 App. Div. 69, 123 N. Y. Supp. 619; Matter of Richard Street, 138 App. Div. 821, 123 N. Y. Supp. 438; Harris v. Kingston Realty Co., 116 App. Div. 704, 101 N. Y. Supp. 1104; Matter of Mayor (Trinity Avenue), 116 App. Div. 252, 101 N. Y. Supp. 613; Utter v. Richmond, 112 N. Y. 610, 20 N. E. 554.

I am of opinion therefore that the respondent failed to establish any lien, both for the reason that the services rendered were not shown to have been of any value to the appellants in obtaining the award, and that no lien attached to the appellants' right to the award as owners at the time title vested in the city.

It follows that the order should be reversed, with $10 costs and disbursements, and motion to cancel and vacate the notices granted, without costs. All concur.