In the Matter of the Application of the CITY OF NEW YORK, Relative to Opening and Widening NEW UTRECHT AVENUE, from Thirty-eighth Street to Eighty-first Street, Borough of Brooklyn, Damage Parcel No. 215.

M. EDWARD KELLEY, Petitioner, Appellant; DESSAR & RIDGWAY, Respondents.

Second Department, November 15, 1918.

**Municipal corporations — city of New York — proceeding to open and widen street — foreclosure of mortgage pending proceeding — right of purchaser at foreclosure sale to award free from lien of attorneys under contract of retainer made after execution of mortgage — appeal — right to review of intermediate or preceding order.**

Where at the time of the commencement of a proceeding by the city of New York to open and widen a city street, the owner of the land affected, which was subject to two recorded mortgages, made a contract of retainer with attorneys to represent him in the proceeding, and pending said proceeding the second mortgage was foreclosed, the purchaser at the foreclosure sale who by motion procured the award to be made payable to him as owner, is not bound to take said award subject to the lien of the attorneys under the contract of retainer.

Said purchaser derived his title to the land, and consequently to the award, under the mortgage foreclosed which was paramount to any lien or claim based upon the contract of the owner with the attorneys.

The intermediate order of the Special Term denying the motion of the purchaser to cancel the lien and charging it upon the award and sending the question of title to a referee necessarily affected the final order confirming the report of the referee upholding the lien and is reviewable under section 1358 of the Code of Civil Procedure.

Appeal by M. Edward Kelley from so much of an order of the Supreme Court, made at the Kings County Special Term on the 18th day of June, 1918, as resettled by an order entered in the office of the clerk of the county of Kings on the 26th day of June, 1918, as confirms the report of a referee.

*M. Edward Kelley,* for the appellant.

*Alexander T. Wells,* for the respondents.

Jenks, P. J.:

This proceeding was begun by the city of New York to open and to widen a city street. The sole substantial question presented by this appeal is whether the award for damages to the landowner Kelley is subject to the attorneys' lien asserted by Messrs. Dessar & Ridgway. When the proceeding was commenced in 1910, the land now represented by the award was of a tract owned by James, who as owner made a written contract of retainer of the said attorneys to represent him in the proceeding, and agreed to pay for their services a contingent fee of ten per cent of whatever award might be recovered for the taking of or damage to said property. Prior to that contract and at the time of its execution the land was subject to two recorded mortgages. Pending the proceeding the second mortgage was foreclosed, and Kelley purchased the land at the foreclosure sale in 1914.

In 1916 title to the part of the land taken vested in the city, and in 1917 the award was made and later affirmed. Thereafter, on motion of Kelley, the award was made payable to him as owner instead of to James, to whom, as the record owner, it had been made payable in the proceeding. When Kelley moved for the said substitution he deposed that Messrs. Dessar & Ridgway asserted a lien for services rendered perforce of a contract with James, and prayed that the lien

might be disregarded. The Special Term declined to cancel the lien but charged it against the award and sent the question of Kelley's title to a referee. The referee upheld the lien, and reported in favor of Kelley's title to the award. Kelley moved for confirmation of the report save as to the lien. The Special Term, then presided over by a different justice, held that it could not disturb the adjudication as to the lien, and made an order that confirmed the report. Kelley appeals, with notice that he will bring up for review the intermediate order that denied the motion to cancel the lien but charges it upon the award.

The Special Term that made the first order declared that Kelley was, in effect, in the same position as if he had purchased the property direct from James, and thereupon concluded that Kelley took it subject to the lien of the attorneys for their services. But that declaration is opposed to the learning of *Gates* v. *De La Mare* (142 N. Y. 313) and *Magee* v. *City of Brooklyn* (144 id. 270). Kelley derived his title to the land, and consequently to the award, under the mortgage foreclosed that was paramount to any lien or claim based upon the contract of James with the said attorneys. Perforce of that contract the said attorneys did not obtain any lien upon the land, and the purchaser Kelley was not chargeable with any notice thereof. (*Matter of Scheier* [*Wadick Lien*], 159 App. Div. 864; affd., 211 N. Y. 548.) The contract of retainer was the personal contract of James alone. Kelley mortgagee or Kelley purchaser was not privy to it. Kelley both deposes and testifies that he had no knowledge of the retainer or of the services of the attorneys until after the attorneys had filed a notice of lien with the comptroller at a time subsequent to the award. In *Farmers' Loan & Trust Co.* v. *New York Rys. Co.* (215 Fed. Rep. 712) it is said that the lien may be asserted in the absence of a special agreement against one who was aware of the services rendered and took the benefit of them. If this be so, the principle has no application in the case at bar, for the contract of retainer was made in 1910, and the taking of proof of title and of value was completed in 1912, while James was the owner of the land, which was not acquired by Kelley until 1914, although it is true that the affidavit of a member of the attorneys' firm deposes that his firm in 1915

filed objections to the report, and thereafter argued the objections. But the deposition of Kelley, a stranger to the contract, is that the attorneys never in any wise communicated with him in connection with the matter or ever acted in his behalf. And there is no proof that the attorneys ever had any relations or communications with the mortgagees with reference to their retainer or their services. Doubtless the attorneys rendered services, and we may concede that the services enhanced the award, and yet these facts do not make for the attorneys as against the mortgagee, or Kelley the purchaser under the foreclosure. (*Farmers' L. & T. Co.* v. *Westchester County W. W. Co.*, 143 App. Div. 82; affd., on opinion below., 206 N. Y. 711; citing *Gates* v. *De La Mare, supra.*) I think that the rule of *Gates* v. *De La Mare* (142 N. Y. 307) and the cases cited *supra* applies to this case, and requires a reversal of the order so far as appealed from.

It is contended that the rule of *Schoenherr* v. *Van Meter* (215 N. Y. 548) applies. That case dealt with a " contractual lien " enforcible in equity, and was decided upon the principle that the director of a corporation who could sue a delinquent official could contract with an attorney that the attorney should have a lien upon any recovery made for the corporation, and that such contract was in effect one that transferred the equitable lien of the trustee for the expenses of recovery of the fund for his corporation. That is, the corporation was chargeable with salvage. But there was no like relation whatever in the case at bar between James, the owner of the property, and the mortgagee, or Kelley, the purchaser under the foreclosure of the mortgage, that extended the personal contract of James to either mortgagee or purchaser. And in the *Schoenherr Case* (*supra*) the court is careful to exclude the application of the rule to the statutory lien of attorneys sanctioned by section 475 of the Judiciary Law (Consol. Laws, chap. 30; Laws of 1909, chap. 35).

It is also contended that the said order of May 13 is not now before us for review. The order of June 25 is a final order in a special proceeding. (*Matter of City of New York*, 209 N. Y. 127.) The order of May 13 is an intermediate order. The term " intermediate " is defined as " between the two extremes of service of summons and entry of judgment."

(*Fox* v. *Matthiessen,* 155 N. Y. 177, 179.) The order of May 13 did not determine the controversy so that it was in effect a written authority to enter a final order as a formality. (See the discussion in *Becker* v. *Koch,* 104 N. Y. 398.) On the contrary, the order left open and undetermined the question to whom the award was payable, and required that testimony be taken for a determination thereof. That order was a "preceding order, made in the course of the special proceeding." It involved the merits in that it related to the substance of the controversy, not the form, and referred to strict legal rights as distinguished from practice. (See *Hirshbach* v. *Ketchum,* 79 App. Div. 564.) And it necessarily affected the final order, in that it provided for a determination as to the person or persons entitled to the award or a part thereof — the subject-matter of the order from which this appeal is taken. I think, therefore, that the order of May 13 may be reviewed by this court upon this appeal. (Code Civ. Proc. § 1358.)

The order in so far as appealed from is reversed, with ten dollars costs and disbursements, and the motion made upon June 18, 1918, is granted, without costs.

THOMAS, RICH, BLACKMAR and JAYCOX, JJ., concurred.

Order in so far as appealed from reversed, with ten dollars costs and disbursements, and motion of June 18, 1918, granted, without costs.