James J. Crisona, J.
This is an action to recover damages for personal injuries sustained by the infant plaintiff and for loss of services and medical expenses incurred by her father, Francis O ’Grady.
The motion is by Raymond Rubin, Esq., who was retained on November 20, 1958, to prosecute said claim, to have the amount of his attorney’s lien for legal services rendered established on any award that the plaintiffs may obtain by way of settlement, judgment or otherwise.
On November 28, 1958, Mr. Rubin claims that he received a telephone call from Mr. O’Grady informing him not to proceed any further as another attorney, a Mr. Murphy, was being retained to prosecute the action. lie further claims that he discussed “ what he had done up to that date ” with Mr. Murphy and requested a lien of 10% of the recovery, to which Mr. Murphy replied “ that it was too early to determine any figure in respect to the lien and that he would communicate with your deponent later.” Mr. Murphy requested a copy of the assignment form which Mr. Rubin had received from the St. John’s Long Island City Hospital. This form was sent to Mr. Murphy by letter dated November 28, 1958. Mr. Rubin stated therein: li It is understood that I am to be reimbursed for my disbursements and that I will hear from you within a short while as to what fee arrangements you desire to make.”
It appears that subsequently Mr. Rubin referred all inquiries concerning the case to Mr. Murphy and forwarded to him the police report pertaining to the accident as well as a form he had received from the hospital.
Subsequent efforts to contact Mr. Murphy having proved unsuccessful, Mr. Rubin wrote him on July 17, 1959, requesting the status of the matter, but received no reply. He has now been advised that the action has been settled for the sum of $8,000, subject to the approval of the court, and, accordingly, he requests that the reasonable value of the services, which he estimates at 10% of the recovery, should be allowed, together with disbursements of $7.
Mr. Murphy claims, in his opposing affidavit, that he was retained by the plaintiffs on November 22, 1958, to prosecute *976 the action and that Mr. Bubin was advised of that fact on November 24, 1958. He claims that the action was settled for $8,000 on September 11, 1959, as a result of the considerable legal services rendered by him, including the commencement of an action in which he alone appeared as the attorney of record. Consequently, it is his contention that Mr. Eubin has no lien pursuant to the provisions of section 475 of the Judiciary Law, even for the alleged nominal services the latter may have rendered originally. He requests that the motion be denied in all respects “ other than that out of the proceeds of the recovery there be deducted from your deponent’s share of the proceeds the sum of $50.00, which shall be paid to Baymond Eubin, Esq. in full payment for his services in this cause of action. ’ ’
Inasmuch as Mr. Eubin did not appear as the attorney of record for the plaintiffs in the pending action he has no attorney’s lien thereon under section 475 of the Judiciary Law. Only an attorney of record has such a lien, which, in the language of the statute, accrues 11 From the commencement of an action, special or other proceeding in any court”. (Johnson v. Jahr, 1 A D 2d 579, 580; Morgan v. Drewry, S. A. R. L., 285 App. Div. 1, 4.) Nor has Mr. Bubin a charging lien under section 475-a of the Judiciary Law which was enacted by chapter 551 of the Laws of 1955. Under that section “ an attorney is given a lien on the proceeds of his client’s claim prior to the commencement of an action. He must, however, personally or by registered mail serve a notice of a lien upon the persons against whom his client may have a claim. The notice must be signed by the attorney and his client or his representative and a disinterested witness and recite the establishment of the attorney-client relationship, the nature of the claim and that the attorney claims a lien. Such lien is expressly declared to have the same effect as one obtained under section 475 solely upon the institution of an action.” (Tripp, Guide to Motion Practice, Cum. Supp. 1949-1955, § 184.)
There is no claim by Mr. Eubin that he has complied with the foregoing. If he has an equitable lien on the interest or fee of Mr. Murphy, the attorney of record, that may not be fixed by order made on motion in the original action but by an independent suit. (Cohen v. Baird, 247 App. Div. 704.)
The instant motion is, accordingly, denied, without prejudice. Settle order.