Allen Murray Myers, J.
Plaintiff, an attorney, brings this action against a liability insurance carrier because the defendant “failed to honor plaintiff’s attorney’s lien on the proceeds of a settlement, but instead sent the entire settlement check ’ ’ to the plaintiff. The plaintiff was retained by his client to recover damages for personal injuries arising out of an auto accident which, it developed, was with an uninsured motorist. Plaintiff negotiated a $500 settlement with the defendant herein, his client’s carrier, under the uninsured motorist indorsement of his client’s policy.
Instead of making the check payable to plaintiff, as attorney, or to plaintiff and his client and sending the check to plaintiff as is the usual practice, the check was made payable to plaintiff’s client and mailed to the client. The client cashed the check and refused to pay plaintiff his fee and disbursements amounting to $205. Plaintiff then instituted this action.
*652 Undoubtedly the plaintiff himself contributed to this unfortunate set of circumstances in that he mailed this client’s general release to the defendant’s carrier without a covering letter. This evidently was why some clerk in defendant’s office sent the check to the signator of the release instead of to his attorney whose name did not appear on it. There ~was no evidence that this was done out of malice even though it was a deviation from the general practice of this and all other insurance carriers to send the settlement check to the attorney to protect his fee.
Unfortunately, the plaintiff’s action must fall. Since no action was commenced the plaintiff does not have a charging lien as provided for by section 475 of the Judiciary Law (see, also, Judiciary Law, § 477). The contract of retainer which was introduced into evidence is personal between the plaintiff and his client and has no effect upon the defendant carrier (Matter of City of New York [New Utrect Ave.], 185 App. Div. 55; Reiter v. Landon Homes, 56 Misc 2d 168, affd. 31 A D 2d 538).
Section 475-a of the Judiciary Law provides for an attorney’s charging lien prior to the commencement of an action. However, that section provides among other things that the attorney serve a written notice of lien upon the persons against whom the client makes a claim by either personal service or registered mail signed by him and his client (see O’Grady v. Schmidt, 22 Misc 2d 974). The plaintiff has failed to meet these requirements.
The plaintiff, of course, has a cause of action against his client under his retainer agreement. I note in passing that it has not been shown that plaintiff would be unable to recover his fee from his own client (see Matter of Jacobs, 169 Misc. 893).
Accordingly, judgment is rendered in favor of the defendant dismissing the complaint.
To avoid the unfortunate results of this case, members of the Bar would be well advised to serve a notice of attorney’s lien pursuant to section 475-a of the Judiciary Law by registered mail together with the claim letter initiating the claim.