SALVATORE CONDELLO, Appellant, *v.* FRED STOCK et al., Respondents.

Fourth Department, March 10, 1954.

*Addis V. Adams* for appellant.

*Casper L. Solomon* for respondents.

*Per Curiam.* The action was brought to foreclose a mechanic's lien for an alleged balance due on a building contract and certain extras; the answer of the defendants admitted the contract and that there was a balance unpaid on the face amount thereof but alleged that plaintiff had failed to complete the work. Defendants also set up a counterclaim for work not completed and for defective work and asked for judgment against plaintiff in the sum of $5,845. On the opening of the trial defendants were permitted to amend to increase the amount claimed to $6,364.98. At the close of all the evidence the court gave counsel for both parties three weeks to submit proposed findings. Thereafter plaintiff submitted fifty-two proposed findings of fact and defendants submitted forty-six; the court failed to pass on any of the proposed findings. In the decision the court found that plaintiff failed to fully perform the terms of his contract and is not entitled to recover any further payments pursuant to the terms thereof; he further found that the fair and reasonable value of the extra labor and materials furnished by the plaintiff was $565.70 and that the fair and reasonable value of the labor and materials to complete the terms of the contract is $3,000. He then directs a judgment in favor of the defendants in the amount of $2,434.30, being the difference between the two amounts.

One of the principal issues of fact litigated was whether or not certain specifications (received in evidence as Exhibit 6) were a part of the contract. Plaintiff requested a finding that they were not a part thereof in his proposed findings Nos. 4 and 5; defendants requested a finding that the specifications were a part of the contract in their proposed finding No. 6; the decision fails to make any finding on this issue.

Defendants urge that they proved twenty-nine items of work not completed or defective, ranging from $25 to $1,035 each, and

totaling $6,126, and ask this court to affirm the judgment on the theory that the finding of the court that they were damaged $3,000 is amply supported by the proof. They offer no group of items totaling $3,000, and even if they could produce those figures, it would be mere surmise and conjecture that those were the findings of the trial court. We think it essential that the trial court make specific findings to show how the item of $3,000 was ascertained.

It is the usual practice for a court, after requesting and receiving proposed findings, to either find or refuse to find on each request which is essential to finally determine the issues, or to incorporate such findings in its decision. If this is not done, it is impossible for an appellate court to adequately review the decision made by the trial court. We think the decision here does not conform to proper practice. (See Civ. Prac. Act, §§ 439, 440.)

Accordingly, we reverse the judgment and remit the matter to the Monroe County Court to make a decision setting forth the essential facts found and enter a new judgment in accordance with the statute. (*Fuller* v. *Galeota,* 268 App. Div. 949; *Mason* v. *Lory Dress Co.,* 277 App. Div. 660, 661.)

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Judgment reversed, without costs, and the action remitted to the Monroe County Court to proceed in accordance with the opinion.