KARRAT BROS. & Co., INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30674.)

FRIEDA KARRAT, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30675.)

GEORGE KARRAT, an Infant, by FRIEDA KARRAT, His Guardian ad Litem, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30676.)

JOHN KARRAT, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30677.)

JAMES RAYA, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30678.)

Fourth Department, November 21, 1956.

*Salvador J. Capecelatro* for appellants.

*Jacob K. Javits, Attorney-General (John R. Davison* and *James O. Moore, Jr.,* of counsel), for respondent.

*Per Curiam.* It was undisputed that on November 25, 1950, an extraordinarily severe wind and rain storm swept across the State. About 10 o'clock that morning a very large elm tree was blown down on the State highway known as route 5 S between the village of Frankfort and the city of Utica. This tree completely blocked the highway at a point about five miles west of Frankfort. The fallen tree carried with it electric power wires which were of high voltage and not insulated. The sun set in the neighborhood of 4:30 P.M. At about 7 o'clock in the evening when it was dark and while the rain and wind continued, the automobile owned by the plaintiff, Karrat Bros. & Co. and operated by the plaintiff, John Karrat, ran into this tree while proceeding westerly at a low rate of speed. This collision resulted in damage to the car and personal injuries to the occupants.

It is undisputed that the Department of Public Works employees who were in charge of that area were informed of the fall of the tree and the extremely dangerous condition created thereby, not long after it happened. Men and equipment were despatched to the scene with instructions to remove the tree. Because the power was not shut off, the tree was not removed. During daylight hours, the men remained there, however, and directed traffic. They warned motorists and required them to turn around since there was no way to pass the tree. After dark, the men still remained at the scene until about 6:00 P.M. when they placed some flares a few feet in front of the tree and some lanterns on the east side. The highway employees then left the scene. Back in Frankfort, a barricade had been placed across the west bound lane with flares or lanterns after dark. The plaintiffs established by credible evidence that when their car passed through Frankfort, going west toward Utica, they encountered no barricades, warnings or watchmen; that there were no lights or flares burning either in Frankfort or at any place along the five miles from Frankfort to the fallen tree.

We agree with the trial court that the blowing down of the tree on the morning of the day of the accident was an act of God for which the State could in no way be held responsible. We cannot agree, however, that the accident in the evening of that day was caused by an act of God and that there was no duty

upon the State and its employees to either eliminate the dangerous condition caused by the fallen tree or if that was not reasonably possible, then to use all reasonable means to warn the traveling public of the danger. The trial court did not find any contributory negligence on the part of the plaintiffs and we find none. The trial court found no negligence on the part of the State's employees. We find that during daylight hours, the State employees took reasonable means to warn operators of cars upon this highway of the dangerous condition and they directed traffic until about 6:00 P.M. Thereafter, the employees of the State did not exercise reasonable care in the performance of their duty to warn and protect users of the highway. They had knowledge of the severity of the storm which was continuing. They did not close the road to traffic nor place adequate barricades to prevent users from continuing on until they crashed into the tree. State employees warned motorists and directed traffic during daylight hours when, presumably, the tree could be seen by operators of cars. After dark, these employees with the consent or approval of their superior, went home and no others were detailed to take their place. After darkness aggravated the already dangerous condition, the precautions taken during daylight were terminated. The tree was left with some open flares and some lanterns but no one to see that they remained lighted. No other precautions were taken. The State employees had knowledge that the wind was extinguishing the lights. We must hold that there was a clear neglect of duty to warn of a known danger; that the State through its employees did not exercise reasonable care. The proximate cause of the accident was the negligence of the State's employees.

The judgments appealed from should be reversed and judgments directed in favor of the plaintiffs. In the case of Karrat Bros. & Co., Inc., the amount of damage was stipulated at $1,434.50. Judgment in that amount will be directed. The personal injury cases of the other plaintiffs should be remitted to the Court of Claims to assess the damages in each and enter judgment accordingly.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

In the first above-entitled action, judgment reversed, on the law and facts, with costs, and judgment directed in favor of the plaintiff for the sum of $1,434.50. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.

In each of the other above-entitled actions, judgment reversed, on the law and facts, with costs, and judgment directed in favor of the plaintiffs and cases remitted to the Court of Claims to assess damages and to enter judgment accordingly. Certain findings of fact and conclusions of law disapproved and reversed and new findings made.