Richard S. Heller, J.
These two claims are the result of an automobile accident which occurred at about 5:15 p.m. on Sunday, November 26, 1950 on a State highway known as Route 5 at Lairdsville in Oneida County, New York, when an automobile driven by Charles N. Wilkinson, with Iva A. Wilkinson as a passenger, collided with a fallen tree. In this area Route 5 consisted of two lanes 22 feet in width for west bound traffic and two lanes 22 feet in width for east bound traffic divided by a slightly raised two-foot concrete wall.
On November 25, 1950, there was a wind and rain storm of such violence that 325 trees were blown down in Oneida County on that day. Late on that day, a very large box elder located on property owned by Albert J. Jennings on the south side of Route 5 in Lairdsville, was blown down. Prior to that time, the tree was apparently healthy and there was no indication that its falling was caused by anything other than the storm. After the tree fell, it lay across the road so that it blocked both the east and west bound lanes.
The State Police were notified of this particular fallen tree on November 25, 1950. No action was taken by the State with regard to this fallen tree from that time until the accident on November 26,1950, a period of almost 24 hours.
Members of the Lairdsville Volunteer Pire Department and other volunteers obtained all available flares of type known as 30-minute flares from the State Police barracks at New Hartford and used them on the night of November 25. These volunteers also directed traffic and cut away a sufficient part of the tree so that all of the west bound lanes of traffic were unobstructed.
On November 26, up to the time of the accident, the east bound traffic lanes remained almost completely obstructed by a large section of the fallen tree including a substantial part of the main trunk which was approximately three feet in diameter. As Charles N. Wilkinson drove easterly on Route 5, there were no signs, flares or barricades of any kind to warn him or any east bound traffic of this obstruction.
*618 At the time of the accident the weather was clear and the pavement dry. There is a, sharp conflict in the evidence as to the light conditions with the claimant and his wife testifying that their car as well as other cars proceeding easterly behind them and coming toward them in a westerly direction had lights on and that it was dark. Other witnesses all testified that at the time of the accident it was not sufficiently dark to require headlights on automobiles and that the tree was clearly visible at a distance of 400 feet to the west thereof immediately after the accident occurred without the assistance of artificial light.
For a distance of more than 1,000 feet to the west of the fallen tree, the highway' was straight with only minor changes in elevation which had no material effect upon sight distances.
The State has an obligation to maintain its highways in reasonably safe condition and to give adequate and proper warning of the existence of dangerous conditions. Here there was a failure to warn of a known danger and this condition was permitted to exist for almost 24 hours. This was a neglect of duty by the State. (Karrat Bros. & Co. v. State of New York, 2 AD 2d 538.)
Neglect of the duty by the State to warn of a known danger does not mean that the State is liable for all injuries resulting from the known danger. Users of the highways have a duty to use ordinary care in observing and appreciating danger. Claimant Charles N. Wilkinson neglected this duty and his neglect was a contributing cause to the accident and injuries resulting therefrom. (Karrat Bros. & Co. v. State of New York, 3 N Y 2d 993.)
The claim of Charles N. Wilkinson for damages to personal property, medical expenses incurred in treatment of the injuries to his wife, claimant Iva Wilkinson, and for loss of services of his wife must be dismissed.
The negligence of claimant Charles N. Wilkinson may not, however, be imputed to the passenger, claimant Iva Wilkinson, who was not in any way shown to be guilty of contributory negligence. She is entitled to recover for injuries suffered.
Claimant Iva Wilkinson was confined to a hospital for three days following the accident for treatment of a condition diagnosed as “ cerebral concussion, neck and low back strain, neurosis ”. All objective physical evidence of her injuries cleared up within a week.
She continued under the care of her attending physician until August, 1951, when he referred her to a physician specializing in psychiatry. He diagnosed her condition as psychoneurosis *619 “ mixed type, that is a mixture of anxiety and depression ” and he expressed the opinion that this condition was precipitated by the automobile accident on November 26, 1950. He further expressed the opinion that the symptoms were partially disabling and ‘1 would presumably be permanent ’ ’.
From March 3, 1951 until September 14, 1956 she received regular treatments from a chiropractor.
On examination by a physician on behalf of the State on February 20, 1958, that physician reported that he could find no objective evidence of any residual symptoms or injuries from the accident.
The court finds that the claimant Iva Wilkinson suffered injury by reason of the negligence of the State of New York and that she is entitled to recover as full compensation for all such injuries the sum of $3,800.
The motion for dismissal made at the conclusion of the trial by the Attorney-General is granted as to the claim of Charles N. Wilkinson, No. 30979.
The requests to find submitted by both parties are not acted upon since the requests consist almost entirely of a restatement of all of the evidence in the record rather than a statement of ultimate and essential facts.
This constitutes the written decision of this court in accordance with section 440 of the Civil Practice Act-
Let judgments be entered accordingly.