## FOURTH DEPARTMENT, NOVEMBER, 1959

### (November 11, 1959)

■ CHARLES N. WILKINSON, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30979.) — Case held, decision reserved, and matter remitted to the Trial Judge for further findings in accordance with the memorandum. Upon the making of such findings, the case is directed to be restored to the calendar of this court. Memorandum: The claimants-appellants are husband and wife. The Court of Claims made an award to the passenger wife and dismissed the claim of the driver-husband. The husband has appealed on the ground that the holding of the court that the claimant was guilty of contributory negligence is against the weight of evidence. We are confronted, upon this appeal, with a failure of the trial court to make adequate findings of fact so as to enable this court to determine whether the findings should be approved or disapproved. In accordance with the practice of the Court of Claims, the claimants and the State duly submitted proposed findings. The Trial Judge, in his memorandum decision, stated that the requests by both parties were "not acted upon since the requests consist almost entirely of a restatement of all the evidence in the record rather than a statement of ultimate and essential facts." We have heretofore expressed the opinion that the proper practice, where findings have not been waived by the parties, is that the trier of the facts should pass upon the proposed findings. (*Condello* v. *Stock*, 283 App. Div. 400; *Millett* v. *Slocum*, 3 A D 2d 981.) Where the trial court has not followed this practice, the appellate court must look solely to the opinion or memorandum decision of the trial court for a statement of the facts found upon which the judgment appealed from rests. While this court may make new findings, we deem it inadvisable to do so in the absence of knowledge as to what facts were found by the trial court. In the cases before us, there was a sharp issue as to the contributory negligence of the claimant-driver. The trial court's memorandum specifically states that there was a "sharp conflict in the evidence as to the light conditions". We are not informed as to what testimony the court believed and as to what he determined the conditions to be. There is only the conclusion that the claimant-driver neglected his duty of ordinary care and that such neglect was a contributing cause of the accident. The factual situation in the case of *Karrat Bros. & Co.* v. *State of New York* (3 N Y 2d 993), cited by the court, is quite different from the situation presented by this record. In the case of the passenger-wife, the claim was for personal injuries, pain and suffering and loss of earnings. There was testimony that some of the injuries were permanent. There was evidence as to loss of earnings. The award to the wife is a lump sum. The court's memorandum decision refers to the "opinion" of the claimant's physician as to future and permanent disability and to the report of the State's medical witness that he could find no "objective evidence of

any residual symptoms or injuries from the accident." Upon this review, therefore, we are uninformed as to whether the trier of the facts found any permanency or future disability. Nor are we informed as to whether part of the award may have been to compensate for loss of earnings, past or future. There is no finding as to whether the claimant will be subject to pain and suffering in the future. We may assume that she suffered pain and suffering and was disabled for some period following the accident, although the only finding is that the claimant "suffered injury." In accordance with section 24 of the Court of Claims Act and the practice of this court, the appeals should be held and the matters remitted to the trial court for proper and adequate findings. (See Civ. Prac. Act, §§ 439, 440; *Spicer v. State of New York*, 285 App. Div. 862.) All concur. (Appeal from a judgment of the Court of Claims dismissing a claim for property damage to claimant's automobile, and for damages for loss of services of, and medical attendance for, claimant's wife.) Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ. [14 Misc 2d 616.]