## FIRST DEPARTMENT, JULY, 1960

(July 5, 1960)

MARYLAND CASUALTY COMPANY, Respondent-Appellant, v. JAMES J. FARLEY et al., Respondents, and JAMES G. DONOVAN, Appellant-Respondent.

APPEALS by plaintiff and defendant Donovan from a judgment of the Supreme Court entered June 12, 1959, in New York County which held that there was due plaintiff the sums of $7,823.75 and $730, with interest from date of decision and with costs against all defendants; authorized plaintiff to sell and utilize the net proceeds of the sale of Donovan collateral; denied plaintiff any deficiency judgment; determined adversely to defendant Donovan as between codefendants; and directed return to defendant Rosner his pledged collateral.

*Per Curiam.* The plaintiff bonding company brings this action seeking principally a declaration of its rights with respect to collateral deposited with it as security for the issuance of an appeal bond. The bond was furnished in connection with an appeal taken to this court from a judgment entered against the defendants Donovan, Farley, James J. Farley Association, Inc., Cuccia and others with whom we are not here concerned. That judgment was obtained in an action based upon a libel which the complaint alleged was published by these defendants in a political publication during a primary campaign.

The original bond issued by the plaintiff covered only the defendant Donovan and was secured by collateral in the amount of $25,000 furnished by him alone. Subsequently, by agreement, a new bond was written covering the four defendants, whereupon Donovan withdrew one half of his collateral and Farley deposited approximately $12,500, consisting of cash and stock owned by one Slowey. The Slowey stock was thereafter released in exchange for a deposit by Farley of new stock collateral owned by Rosner. The substituted stock was not indorsed.

The judgment in the libel suit was modified by this court only to the extent of reducing the amount of the award to $15,000. (*Toomey* v. *Farley*, 286 App. Div. 1084.) While the Court of Appeals affirmed this reduction, it dismissed the complaint as against Donovan because of the bar of the Statute of Limitations (2 N Y 2d 71). Demand for payment of the judgment was made by the successful plaintiffs and the bonding company satisfied the same. The defendants Donovan and Rosner then demanded the return of their stock contending that the bonding company had no right to apply the stock in order to reimburse itself for the money it had paid under the appeal bond. As a result the instant suit was commenced.

The bonding company seeks a declaration that it has the right to utilize all of the collateral deposited, including the Rosner stock, to make itself whole. In addition, it seeks an allowance for counsel fees contending that the indem-

nity agreements provide for such payment. It also seeks judgment for any deficiency, if one should exist after the application of the cash and collateral deposited with it.

By reason of the reversal as to him in the Court of Appeals, Donovan denies that the plaintiff has any claim against him and demands the return of the stock deposited by him. Failing of such turnover he demands, in the alternative, judgment over against Farley, Farley Association, and Cuccia in an amount equal to that for which he may be held liable.

Farley, the Farley Association and Cuccia deny that there was any need to join them in this action for a declaratory judgment because they make no claim to any of the collateral. However, Farley cross-claims against Donovan, alleging that pursuant to an agreement made with Donovan, the latter became liable for one half of the total amount payable to the plaintiff bonding company.

Rosner denies the plaintiff's right to utilize his stock and demands its return. He contends that such stock was to be contingent security to be used only if the other collateral was insufficient to permit reimbursement of the bonding company.

The trial court fixed the amount of loss the company had sustained by reason of its satisfaction of the judgment. It held that only the Donovan stock may be applied and it ordered the Rosner stock returned. It also held that interest on the amount claimed was to be fixed only from the time of the court's decision rather than from the date of payment. Additionally, the court denied a deficiency judgment. It also denied plaintiff the requested counsel fees. The court found the existence of the agreement between Farley and Donovan and accordingly sustained Farley's cross claim.

It is urged that the findings of the court were inadequate. Although it would have been preferable for the trial court to have passed upon the proposed findings that were submitted at its request, the opinion rendered sets forth findings sufficient to comply with section 440 of the Civil Practice Act. (See *Condello* v. *Stock*, 283 App. Div. 400.)

We affirm the trial court's finding that Donovan had entered into an agreement with Farley to share one half of the burden of the libel suit no matter against whom the judgment was finally entered. There is sufficient in the record to warrant such a finding and we sustain the same.

While we conclude that there is sufficient evidence to support the finding that the Rosner stock was deposited as contingent security to be used only after all of the other collateral had been exhausted, we believe that such stock may not be released until after it should be finally ascertained that there is no need to apply it in order to fully satisfy the claims of the plaintiff. Rosner urges that by a timely application of the Donovan stock the plaintiff could have satisfied its claim without resorting to the stock deposited by him. However, there is nothing in the collateral agreements that obliges the plaintiff to apply the stock at any time and accordingly we hold that there was no duty to do so. Not having such a duty, the failure to liquidate the stock when as it is claimed full reimbursement was possible without resort to the Rosner stock — assuming that were possible — is not a bar to the retention of the Rosner stock at this time.

Similarly, we conclude that the failure of the plaintiff to utilize the stock does not bar the right of the plaintiff to a deficiency judgment.

Moreover, since we hold that the Rosner stock may have to be reached as secondary security the same should be indorsed and made available for such purpose.

The trial court's award of interest only from the date of the court's decision is less than that to which the plaintiff appears to be entitled. Liability on the part of the defendants attached when the payments were made by the plaintiff. Accordingly, interest properly should run from the dates of such payments.

We also conclude that the plaintiff was entitled to counsel fees. The indemnity agreements expressly provide for such reimbursement where the legal fees were necessarily incurred in enforcing the obligations arising under the agreements. In the circumstances here present, where Rosner and Donovan claimed the return of the stock, the plaintiff was not obliged to act at its peril but rather could choose to resolve the controversy by means of a declaratory judgment action. Thus the institution of this action was fully justified and the counsel fee of $2,500 requested in connection therewith was necessarily incurred and reasonable in amount.

Accordingly, the judgment should be modified on the law and the facts in accordance with this opinion and otherwise affirmed, with costs to the plaintiff-appellant, and without costs among the defendants against any other. Settle order.

Breitel, J. P., Rabin, Valente and Stevens, JJ., concur; M. M. Frank, J., deceased.

Judgment modified on the law and on the facts in accordance with the opinion Per Curiam filed herein, and, as so modified, affirmed, with costs to the plaintiff-appellant, and without costs among the defendants against any other. Settle order.