In the Matter of GWLADYS C. BARBER, Appellant.

FRANK C. MOORE, as Comptroller of the State of New York, Respondent.

Third Department, March 9, 1949.

*Harold Swain* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General, Thomas Burke* and *A. W. Feinberg, Assistant Attorneys-General* of counsel), for respondent.

BREWSTER, J. Petitioner's appeal is from an order at Special Term which confirmed respondent's final determination denying her claim to certain moneys paid to and held by him under the provisions of the Abandoned Property Law.

The moneys in question consist of the proceeds of an award made in condemnation proceedings for the taking of land in the borough of The Bronx by the City of New York, and the interest accumulations thereon. The taking occurred on June 1, 1897. The award was made to " unknown owners ", subject to unpaid taxes and was duly confirmed by order on June 4, 1903.

In 1912, petitioner's predecessor in interest (her assignor's testate), by purchase from the city, acquired the tax lien or liens upon the parcel of land, a portion of which had been so condemned, and soon thereafter foreclosed it with a resultant deficiency which was in excess of the aforesaid award. The award remained unpaid and in hands of the city until April 26, 1944, when it was paid to respondent pursuant to the provisions of the Abandoned Property Law (§§ 1000, 1003). Petitioner, by due assignment, is the owner of all claims upon the award which derive from the aforesaid deficiency which resulted from the foreclosure of the tax lien. As such she has laid claim to the proceeds of the award and demands that respondent pay them to her.

The owner of the claim which arose by virtue of the tax lien foreclosure deficiency had an equitable lien upon the award, and that was all. The unknown owner of the land which was taken for its consideration had, and for aught shown he or his assigns still have legal title to the latter. (*Matter of City of Rochester,* 136 N. Y. 83, 90; *Matter of City of New York* [*Houghton Ave.*], 266 N. Y. 26; *Matter of City of New York* [*East 29th St.*], 247 App. Div. 648, 653, revd. on other grounds, 273 N. Y. 62.) Petitioner and her predecessors slept on their rights and took no steps available to them to enforce their equitable lien before being barred from so doing long before the award was paid to respondent. Consequently, all remedy for the enforcement of such lien is extinguished (*Matter of City of New York* [*Elm St.*], 239 N. Y. 220, 225), and in such case there is no relic such as a debt in fact unpaid. In reality it is difficult to conceive of the existence of an unenforcible equitable lien. The rights which are the essence of the lien presuppose a means whereby they can be enforced.

Under the statute the award was transferred to the respondent in order that the interest of the " owners thereof " be protected and that meanwhile it be utilized " for the benefit of all the people of the state ". (Abandoned Property Law, § 102.) The owner or owners of the award are unknown and have not been nor could they have been represented herein. The payment of the award to the respondent revived no equitable remedies to petitioner which long since had expired by lapse of time. The power given respondent to determine the validity of claims to property in his custody or control by virtue of the statute does not constitute him a court or referee to adjudicate and enforce equitable liens. That, in effect, is what petitioner, because of her legal predicament, seeks.

The order should be affirmed.

FOSTER, P. J., HEFFERNAN, SANTRY and BERGAN, JJ., concur.

Order affirmed, without costs.