In the Matter of ETHEL CANTRO, Petitioner, against COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

Supreme Court, Special Term, Albany County, December 8, 1950.

*Joseph E. Greenberg* and *Robert E. Perin* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (A. W. Feinberg* of counsel), for respondent.

TAYLOR, J. This proceeding has been instituted by the petitioner pursuant to article 78 of the Civil Practice Act to review the determination of the Comptroller of the State of New York which disallowed the claim of the petitioner and refund payment to her of the sum of $3,876.66, with accumulated interest, held by him as abandoned property pursuant to sections 1000 and 1003 of the Abandoned Property Law.

The facts are not in dispute and only a question of law is presented. Although a mandatory hearing pursuant to statutory direction has been held, no challenge to the determination is made under subdivisions 6 and 7 of section 1296 of the Civil Practice Act and the Special Term therefore is not required to refer the matter to the appropriate Appellate Division for determination.

In a condemnation proceeding instituted in the Supreme Court with the venue laid in the county of Queens, the title to premises therein known as Damage Parcel No. 356 vested in the City of New York on July 21, 1931. On November 12, 1937, a decree was made in the proceeding adjudging that the unknown

owners thereof should receive the sum of $2,550 as damages for the taking. Having remained unclaimed for more than five years in the hands of the City of New York, the award and interest thereon on April 26, 1944, were paid to the State Comptroller pursuant to the provisions of the Abandoned Property Law.

On June 11, 1929, the City of New York transferred its tax lien covering unpaid taxes for the years 1915 to 1926 against the premises to one Howard Lane who thereafter foreclosed the tax lien in an action instituted in the Supreme Court, Queens County. Pursuant to the judgment rendered therein on August 25, 1931, the premises were conveyed to the petitioner by the referee appointed thereby by deed dated December 7, 1931.

On May 11, 1949, the petitioner presented a claim to the comptroller alleging that she was the owner, in fee simple, of the condemned parcel by virtue of her having been the successful bidder at the tax foreclosure sale in the action under the judgment of which she received the deed to the premises. The comptroller thereafter denied her claim and pursuant to section 1406 of the Abandoned Property Law, a required hearing was held by him after which and on April 17, 1950, the comptroller made his determination again denying her claim.

The question to be determined is whether the petitioner by her purchase at the tax lien foreclosure sale of the premises, which previously had been condemned by the City of New York under its power of eminent domain and title thereto taken by it, acquired ownership in fee of the premises as of the date of the creation of the tax lien on June 11, 1929, which would entitle her to the payment of the damages later awarded for the taking or whether her interest was only an equitable lien on the proceeds of the award.

The petitioner argues that as in the case of a mortgage foreclosure sale a purchaser at a tax lien foreclosure sale takes title to the property thereunder conveyed as of the time the tax lien was created which she contends was on the date on which the City of New York transferred it to one Lane. She cites as authority for her position *Frensdorf* v. *Stumpf* (30 N. Y. S. 2d 211) and the cases therein cited. As between a mortgagor and a mortagee, that is true. It is also true between the transferee of a tax lien and an owner of the premises to which it has attached. No act of such owner by way of encumbrance or conveyance intermediate the creation of the tax lien and its foreclosure could affect that lien and to that extent the pur-

chaser at the foreclosure sale took title as of the time the tax lien was created. That was not the situation here however. What happened in this instance was that a third party, the City of New York, in the exercise of its sovereign power to condemn property for public use intervened and took title while the tax was only a lien and before such lien had ripened into a fee by foreclosure and sale. The result which was thereby accomplished was to vest full title in the condemner, to extinguish the tax lien against the premises, to withdraw the realty from its lien and to substitute therefor the right of the lienor to have the value of his lien ascertained and paid to him from the proceeds of the fund awarded as damages for the taking. (*Matter of City of New York [Houghton Ave.]*, 266 N. Y. 26; *Gates* v. *De La Mare*, 142 N. Y. 307; *Matter of City of Rochester*, 136 N. Y. 83; *Holman* v. *Newton*, 275 App. Div. 513, 516; *Matter of Barber [State Comptroller]*, 274 App. Div. 712; *Matter of Holman [Warren County]*, 268 App. Div. 330; *Hill* v. *Wine*, 35 App. Div. 520.) It is not nor could it be successfully contended that the referee's deed to the petitioner pursuant to the judgment of foreclosure and sale effected a transfer of the realty to him in defeasance of the City of New York's vested title therein admittedly acquired in condemnation at a prior time. Neither did it effect a transfer to her of the money representing the damages for the taking. The petitioner, through her purchase, never gained title either to the property or to the entire fund which supplanted it. She has only an equitable lien on the proceeds of the award to the amount necessary to satisfy it. The essential purpose of the tax foreclosure action was to convert the real property which secured the payment of the tax lien into money with which to pay the lien. Such action was unnecessary since the condemnation proceeding had, in effect, already produced the eventuality which it was designed to accomplish.

Furthermore, the comptroller is without power to determine the validity of an equitable lien. (*Matter of Barber [State Comptroller], supra.*)

It follows that the petition must be and is dismissed on the merits, without costs.

Submit order.