Marcus Gr. Christ, J.
In this proceeding under article 78 of the Civil Practice Act, the petitioner prays for an order directing the respondent County Treasurer of Nassau County to execute and deliver a deed for two lots of land allegedly purchased by the petitioner’s assignor at a tax sale held in December, 1953.
The petitioner alleges that there has been due compliance with the provisions of the Nassau County Administrative Code by either it or its assignor. The respondent denies that the petitioner has served the notice required by section 5-51.0 of said code. However, the important issue is whether the County Treasurer had a right to sell the alleged tax liens in view of the fact that title to the property had already vested in the county by eminent domain for a public purpose.
The sale was held in December, 1953. Title had vested in the County of Nassau on November 6, 1953. When title vested, all pre-existing liens and incumbrances upon the land were extinguished (Matter of City of New York [Boscobel Ave.], 242 App. Div. 392). The tax liens herein became payable from the award upon the vesting, even though the awards were not determined at that time (Matter of Mayor [Morris Ave.], 118 App. Div. 117, 120). Therefore, there was in existence no tax lien on the real property which could be sold in December, 1953 pursuant to the provisions of article 2 of the Nassau County Administrative Code.
The petitioner urges in its brief and in a letter dated March 26, 1957 that it is only interested in a deed to prove its right to the award in the condemnation proceeding. However, a sale of a tax lien under the aforesaid code “ includes the sale of the real property affected by such tax lien ” (§ 5-24.0, subd. 5) and the “ holder of -a tax lien ” is defined as the purchaser “ of the real property” (§ 5-24.0, subd. 7). After the period of redemption has expired and a notice given by the holder (§ 5-51.0) that it elects to accept a deed of conveyance, the County Treasurer executes “ a conveyance of the real estate ” which vests “in the grantee an absolute estate in fee ” *897 (§ 5-53.0). This is more than a right to prove a claim for an award.
In Shorter v. County of Chenango (269 App. Div. 594, 599) it was written: ‘ ‘ The county could not sell its own property at a tax sale for nonpayment of taxes owing by itself to itself. ’ ’ That is the basis for the County Treasurer’s opposition in the instant proceeding.
In support of its petition the petitioner cites a case from the United States Circuit Court of Appeals, Second Circuit, United States v. Lands in Hempstead, Nassau County, N. Y. (129 F. 2d 918). This case is not good authority for the petitioner. In that case the tax liens were sold prior to the vesting of title in the United States and the proceeding was concerned with the right to the award after the county had received a tax deed.
The case of Gates v. De La Mare (142 N. Y. 307) was cited in the Federal case at page 919 to show “ In the law of New York a close analogy ”. An examination of the Gates case shows that in fact it supports the respondent’s position here. For the purchaser’s right to the deed in the Gates case occurred prior to the vesting of title in the City of New York and so the purchaser who had been entitled to the tax deed prior to vesting received the award even though the deed was not given until after the city took its title. In the Gates case the Home Ins. Co. v. Smith (28 Hun 296) was distinguished by Andrews, Ch. J., when he pointed out that in the Home Ins. Co. case the sale had occurred after the vesting of title.
United States v. Lands in Hempstead, Nassau County, N. Y. (supra) should not be followed. In Weber v. Wells (154 F. 2d 1004) the Circuit Court of Appeals, Ninth Circuit, took a contrary position. The Appellate Division of the Supreme Court, Second Department, in Matter of County of Nassau (261 App. Div. 118) also held contrary to the United States case. In Matter of County of Nassau an examination of the record discloses some additional and important facts not disclosed in the opinion of the Appellate Division. One Mildred McGinity purchased a tax lien from the County Treasurer of Nassau County on July 11, 1935. The time within which the owner might redeem the property expired on July 11, 1939. On July 19, 1939 the County Treasurer gave his tax deed. However, two months before, on May 15, 1939, the county had taken title to this same property in a condemnation proceeding. The Appellate Division at page 119 wrote as follows: “ The petitioner-respondent McGinity was not entitled to the award. (Matter of Van Etten v. City of New York, 226 N. Y. 483; Gates v. De La Mare, 142 id. 307.) However, she had a lien upon the *898 award to the extent at least of the amount of. the tax lien and interest.”
From this it appears that even though the tax lien had been purchased prior to the taking’ of title by eminent domain, the subsequent tax deed did not give the full award to the tax lien buyer but gave merely a lien upon the award to the extent of the tax lien and interest.
A recent decision involving a similar factual situation is Matter of Cantro v. Comptroller of State of N. Y. (198 Misc. 925). There, the City of New York had transferred its tax lien on June 11,1929, title to the premises vested in the city in a condemnation proceeding on July 21, 1931, a judgment of foreclosure and sale of the tax lien was rendered on August 25,1931 and the premises conveyed by referee’s deed on December 7, 1931. In denying the holder of the deed the right to the entire award of the condemnation proceeding, the court wrote (p. 928): “ What happened in this instance was that a third party, the City of New York, in the exercise of its sovereign power to condemn property for public use intervened and took title while the tax was only a lien and before such lien had ripened into a fee by foreclosure and sale. The result which was thereby accomplished was to vest full title in the eondemner, to extinguish the tax lien against the premises, to withdraw the realty from its lien and to substitute therefor the right of the lienor to have the value of his lien ascertained and paid to him from the proceeds of the fund awarded as damages for the taking. (Matter of City of New York [Houghton Ave.], 266 N. Y. 26; Gates v. De La Mare, 142 N. Y. 307; Matter of City of Rochester, 136 N. Y. 83; Holman v. Newton, 275 App. Div. 513, 516; Matter of Barber [State Comptroller], 274 App. Div. 712; Matter of Holman [Warren County], 268 App. Div. 330; Hill v. Wine, 35 App. Div. 520.) It is not nor could it -be successfully contended that the referee’s deed to the petitioner pursuant to the judgment of foreclosure and sale effected a transfer of the realty to Mm in defeasance of the City of New York’s vested title therein admittedly acquired in condemnation at a prior time. - Neither did it effect a transfer to her of the money representing the damages for the taking. The petitioner, through her purchase, never gained title either to the property or to the entire fund which supplanted it. She has only an equitable lien on the proceeds of the award to the amount necessary to satisfy it. The essential purpose of the tax foreclosure action was to convert the real property which secured the payment of the tax lien into money with which to pay the lien. Such action was unnecessary since, the condemna *899 tion proceeding had, in effect, already -produced the eventuality which it was designed to accomplish.” • (Italics supplied.)
It is the court’s opinion that (1) the tax sale was invalid, (2) the delivery of a deed by the respondent would serve no useful purpose, but merely be adding to the error made when the purported tax lien sale was held, and (3) the petitioner may only receive the amount of a tax' lien plus interest. This application is denied.
Settle order on notice.