■ In the Matter of THOMAS J. CARROLL, Appellant, against GABRIEL P. HAYES, as Mayor of the Village of North Tarrytown, et al., Respondents.— In a proceeding to compel the reinstatement of appellant to the position of police officer and for other relief, the appeal is from (1) an order dated July 19, 1956 dismissing the proceeding, and (2) from an order dated November 16, 1956 which on reargument adhered to the original disposition. Order dated November 16, 1956 modified by striking from the last ordering paragraph everything following the words "rehearing" and by substituting therefor the words "the issues be and the same hereby are set down for hearing." As so modified, order unanimously affirmed, with $10 costs and disbursements to appellant. So far as appears from the papers on appeal, questions of fact were presented. The matter should not have been determined without a trial. Appeal from order dated July 19, 1956 dismissed, without costs. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.

■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for HORACE HARDING EXPRESSWAY in the Borough of Queens. PUBLIC MORTGAGE AND REAL ESTATE CO., INC., Appellant; L. B. OIL CO., INC., Respondent.— In a condemnation proceeding the owner of a parcel of real property appeals from so much of a third separate and partial final decree as limits an award to appellant for land to $40,000 and fails to award to appellant the fair value of a building on the parcel. Decree, insofar as appealed from, modified on the law and the facts by increasing the award to the appellant from $40,000 to $45,000 and by reducing the award to respondent L. B. Oil Co., Inc., the tenant, from $5,000 to $2,500. As so modified decree unanimously affirmed, with costs to appellant, payable by the respondents. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. The award of $40,000 for land is reasonable. In the absence of any reservation of title in the tenant, the building belonged to the owner and it is entitled to an award for its taking (*People ex rel. International Nav. Co.* v. *Barker,* 153 N. Y. 98, 100-101; *People ex rel. Hudson Riv. Day Line* v. *Franck,* 257 N. Y. 69, 71; *Matter of City of New York* [*Wetmore*], 272 App. Div. 826). On all of the proof and particularly that of cost of the improvement, we fix the fair value of the enhancement of the land by reason of the improvement as of the time of the taking of title. Exclusive of the value of the building, the reasonable value of the fixtures for which an award may be made to the tenant is fixed at $2,500. The award to the tenant, accordingly, is reduced to that amount. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.