Charles Lambíase, J.
Pursuant to article XII-A of the Highway Law as amended, the State of New York appropriated for purposes connected with the construction of the New England Thruway certain parcels of land designated as Map No. 62, Parcel 88 (also appropriated as part of Map 62 is Parcel No. 78 which is no part of this claim) and Map No. 64, Parcel 83 of said project by filing a copy of said maps and descriptions in the office of the Clerk of Bronx County on the 22nd day of June, 1949. Thereupon title thereto vested in the State of New York. The *972 appropriated parcels are particularly described in Appendix “A”[1] and were viewed by the court.
The filed appropriation maps have on them the name of (< Bay Chester Manor Inc.” as the “ reputed owner ” of Parcel 88 and of one, Walter W. Taylor, as the “ reputed owner ” of Parcel 83. It was not established upon the trial who was the owner of each of said parcels.
Claimant was never served personally herein, and it has not been made to appear that the owner of the premises appropriated was served.
Claimant, at the time of the appropriation, was the holder of certain New York City tax liens against said parcels acquired by him by virtue of an assignment thereof to him, dated November 15, 1950, by the administratrix of the estate of one, Armetta Klinke, deceased, the deceased having acquired said liens on August 31, 1926 from the City of New York, which in turn had purchased them at a tax sale held pursuant to statute.
The claim, as originally filed, was for $6,380.41 as the alleged amount of the tax lien proper, and further alleged that interest thereon was due from August 31, 1926 at 12% to the date of payment thereof. Upon the trial, upon motion of the claimant, the demand for principal was reduced to $5,972.57 with interest as aforesaid, and an order was duly made and entered reducing the demand to that amount and amending the claim accordingly.
At the close of the claimant’s case the State of New York moved to dismiss the claim on the ground that claimant “ has not shown by proof a sufficient interest in the land to maintain this claim ’ ’. It was renewed at the end of the entire case. Decision on both motions was reserved by us.
It is the position of the claimant that he, as the owner of said tax liens, is the owner of “ property ” as defined by section 347 of the Highway Law of the State of New York, and that by virtue thereof he is entitled to file and to maintain this claim.
In the interest of orderly procedure, we proceed at once to determine this question of whether or not claimant may maintain this claim for, if it be determined adversely to him, we need not proceed to the determination of the other issues involved.
Subdivision 1 of section 347 of the Highway Law, being part of article NTT-A of said law under which the appropriation was made, at the time of the appropriation provided and now provides:
1. Notwithstanding any inconsistent provisions of this chapter or any other law, general or special, any and all prop *973 erty necessary for the construction, reconstruction and maintenance of state thruways and bridges thereon, shall be acquired by appropriation in the manner prescribed by this section.
“2. * * ® The term ‘ property ’ as used in this section is defined to include lands, waters, rights in lands or waters, structures, franchises and interests in land, including lands under water and riparian rights, and any and all other things and rights usually included within the said term and includes also any and all interests in such property less than full title, such as easements permanent or temporary, rights-of-way, uses, leases, licenses and all other incorporeal hereditaments and every estate, interest or right legal or equitable.
‘113. Any owner may present to the court of claims a claim for the value of such property appropriated and for legal damages, as provided by law for the filing of claims with the court of claims.”
‘ ‘ Any owner ’ ’ as used in subdivision 13 above, refers to the owner of property as the same is defined in subdivision 2 above; and the word ‘ ‘ owner ’ ’ must be interpreted in its context and according to the circumstances in which it is used. Was claimant the ‘ ‘ owner ’ ’ of property within the meaning of the above section?
Claimant’s tax liens are purely statutory. Section 172 of the Charter of the City of New York (Administrative Code of City of New York, § 415 [1] — 7.0) in pertinent part at all times herein mentioned, reads as follows: “ All taxes shall be and become liens on the real estate affected thereby and shall be construed as and deemed to be charged thereon on the respective days when they become due and payable, and not earlier, and shall remain such liens until paid.”
In Collector of Taxes of the City of Boston v. Revere Bldg. (276 Mass. 576, 578), it is said: “A tax upon real estate
is primarily a pecuniary imposition upon the owner. The lien upon the real estate is simply a security established by statute of which the tax collector may avail himself in default of payment. Apart from statute no such lien exists. The lien thus created by the statute is upon the land itself, not upon interest of the person assessed. The purpose of granting the lien is to allow the land to be taken or sold for nonpayment of taxes. (Citing cases.) * * * A tax on real estate in its nature is not a debt but a monetary burden for the support of government laid upon the owner and secured by lien upon the real estate. It does not arise out of contract, express or implied; it operates in invitmn. The consent of the owner is not required.” We cite this case only for what is quoted therefrom and for no other purpose.
*974 Comparing a tax lien with the lien of a judgment, an analogy between the two may be drawn in that in effect they are a security interest in the property to which they attach. “ Like judgment liens and mortgages, tax liens are a security interest in the property. But unlike mortgages and judgment liens, which are usually isolated or discontinuous transactions, tax liens represent a recurring, and indeed a continuous, obligation of the property owner to bear the costs of local government and a correlative power in the local government to subject the property within its jurisdiction to annual contributions.” (1 Orgel on Valuation under Eminent Domain [2d ed.], § 116, pp. 504-505.)
In Watson v. New York Central R. R. Co. (47 N. Y. 157, 161-162), the court held that by virtue of the acts under which the condemnation proceedings were instituted, such proceedings were to be taken only against the owners of the land; that compensation was to be made only to such owmers; and that a judgment creditor having a mere statutory lien was in no sense an owner, and was not required to be made a party thereto. The court said in pertinent part:
“ The terms ‘ owner or owners, ’ as used in these statutes, being intended to designate the parties entitled to the compensation, which is substituted for the land taken, should be held to embrace all persons having estates in the land, in possession, reversion or remainder. (Parks v. The City of Boston, 15 Pick., 198.) All persons having proprietary interests are entitled to compensation, for the aggregate of those interests constitute the ownership or fee. * * #
‘ ‘ But a judgment creditor of an owner has no estate or proprietary interest in the land. He stands wholly upon the law, which gives him a remedy for the collection of his debt by a sale of the land under execution, in case sufficient personal property of the debtor should not be found. This remedy is not secured by contract, but is purely statutory, and in aid of it acts have been passed, from time to time, authorizing a sale of the land which the debtor owned at the time of the recovery or docketing of the judgment, or at any subsequent period, and making the judgment a lien upon the land. The duration of this lien and the mode of its enforcement and discharge are subjects which appertain to the laws for the collection of debts; and the rules upon those subjects have been changed, from time to time, according to the will of the legislature. The power of the legislature to regulate those matters can not be doubted. Acts have been passed shortening and lengthening the duration of the liens of existing judgments, and even providing for their extinguish *975 ment without any proceeding to which the judgment creditor was a party.”
Up to the time of the appropriation claimant and his predecessors had never taken any steps available to them to enforce their lien by statutory foreclosure. The State of New York, in the exercise of its sovereign power to condemn property for public use, intervened and took title while the tax was only a lien and before such lien had ripened to a fee by foreclosure and sale.
Both parties agree, and indeed it is axiomatic, that the award of damages in a condemnation proceeding takes the place of land taken. ‘ ‘ Of course the taking in condemnation proceedings of a parcel of land does not get rid of the encumbrances upon that land; they are transferred to the award. Thus a mortgage upon land or a tax lien is not shifted over on to the portion of the property which remains and is not taken in condemnation proceedings— liens are not so easily disposed of. The lien of a mortgage or of a tax is upon the entire property and when a portion of it is taken in condemnation proceedings and an award made the lien attaches to the award. This is axiomatic. (Citing-cases.) A lienor is entitled to satisfy the entire amount of his lien from the award.” (Matter of City of New York [Houghton Ave.], 266 N. Y. 26, 29.) It is obvious, however, that the foregoing is of no assistance to the claimant under the circumstances herein.
If the Legislature had intended the term ‘ ‘ property ’ ’ as defined in section 347 aforesaid to include the hen of a tax, it was in a position to have said so. In view of the foregoing we are constrained to the conclusion that claimant is not the owner of property within the meaning of section 347 aforesaid. It would seem that relief must be sought elsewhere by claimant.
In view of our conclusion that claimant has failed to show that he is the owner of property within the meaning- of section 347 aforesaid, the motion of the State made at the end of claimant’s case to dismiss the claim for that reason must be and hereby is granted on the merits on the law only, claimant having failed by reason thereof to show facts sufficient to constitute a cause of action.
No resolution of any disputed factual issue has been essential to our decision and hence, as we understand the cases, we are not required to state and have not stated any facts deemed essential or to make any findings of fact. (Scheuer v. Seheuer, 308 N. Y. 447, 453; Kazansky v. Bergman, 4 A D 2d 79, 85.) Furthermore, the State of New York having submitted proposed *976 findings of fact and conclusions of law, under the circumstances herein we have only marked such of them as we have deemed essential to our decision herein and have left unmarked those which we have deemed of no effect in connection therewith. It would seem that to mark the latter would be “ pointless ” and “futile ”. (Scheuer v. Scheuer, supra; Condello v. Stock, 283 App. Div. 400, 402.)
Submit order accordingly upon which final judgment dismissing the claim herein is to be entered.

 Appendix “A” is not printed herewith.