Henry M. Zaleski, J.
In a proceeding under article 15 of the Beal Property Law, a judgment was entered on January 10, 1963 determining plaintiff’s absolute ownership in the subject premises. The State of New York has moved to vacate the judgment, for the right to intervene and for other relief.
The complaint in the action shows that on November 17, 1958, the plaintiff obtained an interest in certain premises in this county by purchase at a tax sale. On November 16, 1961, title vested in the State of New York as a result of an appropriation. *933 On November 28, 1961, the County Treasurer of Suffolk County delivered a deed to the plaintiff.
By virtue of sections 47, 49 and 53 of the Suffolk County Tax Act (L. 1920, ch. 311, as amd.) prior to November 17, 1961 plaintiff’s only right was to receive a deed thereafter if the owner failed to redeem the premises from the tax sale of November, 1958. Prior to that date plaintiff had no other right consistent with or indicative of ownership. The appropriation by the State on November 16, 1961, one day before expiration of the redemption period, extinguished all liens and incumbrances and gave rise, in their place, to a right to compensation (Matter of City of New York [Boscobel Ave.], 242 App. Div. 392) which lay with the person from whom title was taken. (Matter of Van Etten v. City of New York, 226 N. Y. 490; Matter of Ford, 18 A D 2d 855.) On the vesting date, plaintiff did not have title. All he had was a lien on the condemnation award to the extent of his tax lien and interest thereon. (Matter of County of Nassau, 261 App. Div. 118; Matter of Knocklong Corp. v. Seaman, 6 Misc 2d 895; Matter of Cantro v. Comptroller of State of N. Y., 198 Misc. 925.)
On this application, the Attorney-General has called to the court’s attention the possible interests of two persons who were not made parties to this action. The identity, existence and possible interests of those persons were known to the plaintiff at the time of the trial, but were not disclosed to the court. These facts justify vacatur of the judgment, joinder of additional parties and a new trial.
In 1955 one Bose Plumer, then owner of the premises, died a resident of the State of California, leaving a holographic will. Although the will recited that the decedent had “ no living blood relatives: she was in fact survived by two first cousins. In a contest the will was admitted to probate in California (Matter of Plumer, 147 Cal. App. 2d 760). Each cousin was later decreed to be entitled to only $1 under a provision leaving that amount to anyone claiming and proving a relationship. Certain friends were declared to be legatees and entitled to the residuary estate (Matter of Plumer, 159 Cal. App. 2d 389). In the present action, all the legatees or, where applicable, their executors, were joined as defendants and duly served. The two first cousins were not joined. Plaintiff did not join the cousins because he claims that the determination of the California court which he asserts must be considered res judicata or given full faith and credit or afforded comity excluded the cousins from any interest in the property. However, although the will may be admitted to probate (Decedent Estate Law, §§ 22-a, 23) its construction, *934 insofar as real property located in this State is concerned, is governed by the law of New York (Decedent Estate Law, § 47; Matter of Collier, 45 N. Y. S. 2d 773; Matter of Good, 96 N. Y. S. 2d 798) even though the instrument may expressly provide for construction under foreign law (Matter of Healy, 125 N. Y. S. 2d 486). It is possible that Rose Plumer’s cousins are possessed of an interest in the real property. Until the will is construed as respects the realty a complete determination is impossible.
In view of the facts now known, the court will, on its own motion, set aside the judgment and direct a new trial. The court, also on its own motion, will direct that the decedent’s first cousins be made parties (Real Property Law, § 501, subd. 2; Nichols v. Haehn, 8 A D 2d 405) and that a supplemental summons be issued and served together with an amended complaint.
Intervention by the State will be permitted. Contrary to plaintiff’s argument, section 500-b of the Real Property Law does not exclude the State. It simply recites that the State “ shall not * * * be made a party defendant to said action merely because ” it appropriated the premises. That does not preclude the State from intervening in a proper case.
The application is denied insofar as it seeks dismissal. Section 500-b of the Real Property Law is sufficiently broad to enable the court to adjudicate the rights of all parties having any interest in the property as of the time immediately preceding the vesting of title in the State.