Howard T. Hogan, J.
In this proceeding in eminent domain, claimants anne siegel and edna r. kessler have filed a claim and have tentatively agreed upon the value of the property with the condemnor. The amount of the proposed settlement is not before the court.
The title company has raised as an objection a tax deed issued by the Village of Freeport. The time sequence is as follows:
January 28, 1964: sale of tax lien;
July 22, 1964: vesting of title by the County :
February 28,1967: deliverance of the tax deed.
*951 Claimants’ attorney then applied for a hearing pursuant to section 11-31.0 of the Nassau County Administrative Code (L. 1939, ch. 272, as amd.) to determine ownership of and entitlement to the award for the subject property and other relief. He served the attorney for the purchasers at the tax sale with notice of the application.
At the return date of the motion there was no dispute as to the basic facts, but the attorney for the purchasers at the tax sale argued that: 1) there should be pleadings and 2) his clients were in any event entitled to the entire award in that title to the property vested in his clients on January 28,1964 at the tax sale.
With respect to the first point, there is no provision in our Administrative Code for any such “ pleadings.” The code provides for the filing of verified claims by those asserting title to the property and section 11-31.0 provides, in part that: “ If the title of the claimant be disputed, the court shall determine the ownership of such real property upon the proofs submitted to the court during the trial. In addition, the court shall have power to determine all questions of title incident to the acquisition ”.
The issues are joined not by the service of pleadings, but by the filing of inconclusive proofs of title. It does not appear that the purchasers of the tax deed have filed such claim. Even if they had, however, claimants have sustained the burden of proving their right to the award subject to the amount of the tax lien at the time of vesting, together with interest thereon.
In Matter of County of Nassau (261 App. Div. 118, 119) the the court dismissed an appeal on the ground that it was from an order not appealable. The court, however, in a Per Curiam opinion, flatly stated that the respondent was not entitled to the award, but she did have “ a lien upon the award to the extent at least of the amount of the tax lien and interest. ’ ’
The time sequence of the occurrences in that case was set forth by Mr. Justice Christ in Matter of Knocklong Corp. v. Seaman (6 Misc 2d 895) as sale of lien July 11, 1935, condemnation, May 15, 1939 and tax deed, July 19, 1939.
A similar time sequence resulted in a similar determination in the recent case of Cowan v. McVey (40 Misc 2d 932).
The contention advanced herein is that the January 28 transaction was not the sale of a tax lien, but that a new title to the property was created, adverse to record title, and the support given is Matter of Ueck (286 N. Y. 1). That case, however, concerned the relationship between the taxpayer and the municipality, and did not involve any exercise of eminent domain.
*952 In the instant case, the court finds that the claimants have proven title to be in them on the day of vesting. That title, however, is subject to the amount of the tax lien on that date, together with interest.
The court does not pass upon the validity of any taxes claimed to be due the village after the vesting of title in the county. In any event, these claimants cannot be held responsible for taxes assessed to the property subsequent to the date they were divested of title by the county.