Jasen, J.
 

 Title to certain real property taken in this condemnation proceeding was held by respondents Siegel and Kessler. The land in question was sold at tax sale by the Village of Freeport to Edward Morse, appellants’ predecessor, on January 28, 1964, for unpaid 1963 village taxes of $158.79 plus interest. Before the expiration of the two-year statutory redemption period (Beal Property Tax Law, §§ 1456,1458, subd. 2; § 1464), the subject land was taken by Nassau County in this condemnation proceeding to widen Atlantic Avenue in' the Village of Freeport. Title to the property vested in Nassau County on July 22, 1964. Thereafter, appellants obtained a tax sale deed from the village treasurer in 1967, as executors of the estate of the tax sale purchaser. (Real Property Tax Law, § 1464.)
 

 Bespondents filed a timely verified claim in this condemnation proceeding pursuant to section 11-30.0 of the Nassau County Administrative Code (L. 1939, ch. 272, as amd.) claiming ownership of the subject land. They subsequently reached an agreement with the county concerning the amount of the condemnation award, but a title search disclosed that appellants had obtained the 1967 tax sale deed subsequent to the condemnation.
 

 The respondents thereupon made a motion in this condemnation proceeding to determine ownership of the condemnation award. Notice of motion and a copy of respondents’ affidavit were served upon appellants’ attorney.
 

 Special Term noted that section 11-31.0 of the Nassau County Administrative Code empowered the court to determine ownership of condemned property upon the proofs submitted to the court during trial, . and held that respondents, as owners of record at the time of condemnation; were entitled to the condemnation award subject to tax liens in effect on the date of condemnation. The Appellate Division unanimously affirmed.
 

 
 *625
 
 The principle issue raised by this appeal is whether ownership in condemned real property lies with the owner of record at the time of condemnation, or with the purchaser at a tax sale held before condemnation who obtains a title deed to the property after the condemnation. Appellants contend that they purchased more than a lien at the tax sale. They describe their interest as an “inchoate title” that became absolute upon expiration óf the redemption period, relying upon dictum in
 
 Matter of Ueck
 
 (286 N. Y. 1, 18). In that case, Erie County and the City of Buffalo sought to charge the estate of the record owner of real property with numerous tax liens and
 
 12%
 
 yearly interest despite the fact that the property had been sold at tax sales to the county and city over a 12-year period. This court held that the
 
 taxes
 
 had been
 
 paid
 
 in full when the county and city purchased the property at tax sales, just as the taxes would have been paid had the property been purchased at tax sale by a private party (286 N. Y., at pp. 17-18). In reaching this conclusion that the taxes were paid, the court in dictum described the county and city as the “ inchoate titleholder[s] of the land, evidenced by the tax sale certificate. ” (286 N. Y., at p. 18.) In so characterizing the tax sale purchaser, the court emphasized language in former articles 6 and 7 of the Tax Law (repealed by Real Property Tax Law, § 1614, eff. Oct. 1, 1959), Erie County Tax Law (L. 1884, ch. 135, as amd.), and Buffalo City Charter (Local Law No. 4, 1927 [published in Local Laws, 1932, p. 21]) to the effect that the real property was “ sold ” at the tax sale and “ purchased ” by the city or county.
 

 It is unnecessary to consider the viability of the dictum relied upon by appellants since the applicable statute in this case (Real Property Tax Law, art. 14) is plainly distinguishable from the statutes construed by the court in
 
 Matter of Ueck (supra).
 
 Although section 1454 of the Real Property Tax Law speaks in terms of the land as “ sold” at a tax sale, sections 1458 (subd. 2) and 1464 (subd. 1) of the same statute identify the tax sale certificate received by the tax sale purchaser as evidencing a lien. Thus, subdivision 2 of section 1458 provides in pertinent part that “ the holder of such tax certificate may bring an action * * * for the foreclosure of a lien of the tax sale certificate”. Similarly, section 1464 (subd. 1) states
 
 *626
 
 that 1 ‘ the owner of the certificate of sale may commence an action to foreclose his tax lien pursuant to law or may make application for conveyance to him by deed of the real property ”.
 

 We conclude, therefore, from the wording of the Beal Property Tax Law that the tax sale purchaser acquired only a lien interest in the subject property. Nassau County acquired title to the property in this condemnation proceeding before expiration of the statutory redemption period. On the vesting date, appellants did not have title, but only a tax lien on the land. Condemnation vested full title in the condemnor, and extinguished all lien interests in the property taken.
 
 (Copp
 
 v.
 
 Sands Point Marina,
 
 17 N Y 2d 291, 293;
 
 Matter of City of New York [Boscobel Ave.],
 
 242 App. Div. 392;
 
 Cowan
 
 v.
 
 McVey,
 
 40 Misc 2d 932;
 
 Matter of Knocklong Corp.
 
 v.
 
 Seaman,
 
 6 Misc 2d 895;
 
 Matter of Cantro
 
 v.
 
 Comptroller of State of N. Y.,
 
 198 Misc. 925, app. dsmd. 285 App. Div. 843.) Appellants’ tax lien was, therefore, extinguished by the taking of the subject property in eminent domain, but substituted in its place was an equitable lien on the proceeds of the condemnation award to the extent of the tax lien and interest thereon.
 
 (Copp
 
 v.
 
 Sands Point Marina, supra; Muldoon
 
 v.
 
 Mid-Bronx Holding Corp.,
 
 287 N. Y. 227;
 
 Utter
 
 v.
 
 Richmond,
 
 112 N. Y. 610;
 
 Cowan
 
 v.
 
 McVey, supra; Matter of Knocklong Corp.
 
 v.
 
 Seaman, supra.)
 
 Appellants may assert their equitable lien when the condemnation award is apportioned (see Nassau 'County Administrative Code, § 11-64.0). The tax sale deed which appellants obtained from the Village of Freeport is invalid since title vested in Nassau County by condemnation before expiration of the statutory redemption period and while the tax was only a lien.
 
 (Matter of Knocklong Corp.
 
 v.
 
 Seaman, supra; Matter of Cantro
 
 v.
 
 Comptroller of State of N. Y., supra.)
 

 We note in passing that the Nassau County Administrative Code (L. 1939, eh. 272, as amd.) does not authorize a claimant in a condemnation proceeding to initiate a suit against a stranger to the proceeding. The condemnation statute, of course, is the measure of the court’s jurisdiction.
 
 (Matter of City of New York [Jefferson
 
 Houses—Lombardi], 306 N. Y. 278, 283.)
 

 Appellants did not file a verified claim asserting ownership to the subject property as required by section 11-30.0 of the Nassau County Administrative Code and, therefore, were strangers to
 
 *627
 
 the proceeding.
 
 [1]
 
 Accordingly, appellants could not litigate their claim of title in this proceeding.
 

 Section 11-31.0 of the code does, however, authorize the Supreme Court to determine ownership of real property if the title of the claimant be disputed. Respondents filed a claim asserting ownership to the subject land and appellants denied that it was valid. Special Term, therefore, possessed the power to determine the validity of respondents ’ claim of ownership, and correctly held upon the proofs submitted to the court that title was in respondents on the date of condemnation and that they were accordingly entitled to the condemnation award.
 

 The award, of course, is subject to appellants’ tax lien and any other valid lien in effect on the date of the taking.
 
 (Copp
 
 v.
 
 Sands Point Marina,
 
 supra;
 
 Muldoon
 
 v.
 
 Mid-Bronx Molding Corp., supra.)
 

 Accordingly, the order appealed from should be affirmed, without costs.
 

 Chief Judge Fuld and Judges Burke, Sgileppi, Bergan, Keating and Breitel concur.
 

 Order affirmed.
 

 [1]
 

 . As lien holders, appellants were not necessary parties to the condemnation proceeding which is an in rem proceeding against the land.
 
 (Watson
 
 v.
 
 New York Cent. R. R. Co.,
 
 47 N. Y. 157;
 
 Wabst
 
 v.
 
 State of New York,
 
 11 Misc 2d 971.)