■ NORBERT B. CONKLIN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 51655.) — Appeal from a judgment, entered August 16, 1972, upon a decision of the Court of Claims. Claimant appeals from a judgment of the Court of Claims which dismissed his claim for damages resulting from the appropriation, pursuant to section 30 of the Highway Law, of premises situated in the Town of Riverhead, County of Suffolk, State of New York. Claimant owned and operated a diner on premises appropriated which were owned by a Joseph W. Twomey. The claim alleged that the State appropriated property upon which a diner rented and operated by claimant was located, and that the appropriation had caused damage to his business and personal property built and purchased for the diner. A trial of the issues was held in the Court of Claims on February 25, 1972. The Court of Claims determined that the allegation that the diner was rented by claimant was erroneous in that the diner building was owned by claimant and was situated upon leased lands; that claimant's lease had terminated on July 31, 1969 since there was no evidence of renewal thereof; that claimant had no claim for injury to the leasehold premises, and that by the terms of the lease the claimant, having failed to remove the diner and other fixtures upon termination of the lease, had no right title or interest in the chattels which were affected by the appropriation. The State, for the first time on this appeal, contends that the claim was properly dismissed because the claim as filed failed to comply with section 11 of the Court of Claims Act in that there is no mention therein of the time when the claim accrued, and that the allegations as to the nature of the claim were misleading. This claim was filed with the Attorney-General on October 20, 1969. The claim proceeded to trial and no motion was made either before, during, or after the trial to dismiss for failure to comply with section 11 of the Court of Claims Act. The claim is technically imperfect and inaccurate in some respects, but on this record it is clear that the State was informed of the nature of the claim and the time of accrual thereof. The State was not deceived or misled. It had full knowledge of the facts and its rights were not prejudiced. The claim should be upheld. (*Chalmers & Son* v. *State of New York,* 271 App. Div. 699, affd. 297 N. Y. 690.) Considering the merits of the claim, the court properly concluded that claimant had no claim for injury to the leasehold interest. The lease itself provided that no part of any award shall belong to the tenant. The lease, however, had terminated prior to the appropriation, and as a holdover tenant, claimant could stand in no better position than he did under the lease. A lessee is, however, entitled to be compensated for the value of the fixtures placed upon the demised premises which he was entitled to remove at the expiration of his lease. (*Marraro* v. *State of New York,* 12 N Y 2d 285.) The court, in arriving at the conclusion that the claimant had no right, title or interest in the fixtures or chattels, considered and interpreted the terms of claimant's lease. One of the provisions of the lease was to the effect that if the lease terminated and the tenant permitted any structure to remain on the demised premises, then, upon the option of the landlord, any structures on the property would become the property of the landlord without notice to the tenant. It was apparently the intent of the parties that any improvements made by the tenant were to be removed at the end of the term. It thus appears that the landlord desired an option to insist upon removal of any improvements or property of the tenant or to take title to the tenant's property if the same was permitted to remain after expiration of the term. The landlord did not testify at the trial and the claimant did not establish that the State had not paid the landlord for this property, or that a claim had been made by the

landlord which did not exclude this property. The burden of proof was upon the claimant to establish his ownership of the subject property. His testimony alone was not sufficient in view of the provisions of the lease permitting the landlord to exercise the option to take the property upon termination of the lease "without notice to the Tenant." Claimant having failed to establish his ownership of the subject property, the court properly dismissed the claim. Judgment affirmed, without costs. Staley, Jr., J. P., Main and Reynolds, JJ., concur; Sweeney and Kane, JJ., dissent and vote to reverse in a memorandum by Sweeney, J. Sweeney, J. (dissenting): We agree with the majority to the extent that there is no merit to the State's contention that the claim failed to comply with section 11 of the Court of Claims Act and that claimant has no claim for injury to the leasehold interest. We are, however, unable to agree that claimant failed to establish ownership of the removable fixtures placed upon the demised premises by him and, therefore, as to that part of the decision, we must dissent. In our view, the trial court, by concluding that claimant had no right, title and interest in the fixtures, erred in its interpretation of the terms of claimant's lease, clauses (22) and (27) of which provided: " (22) If * * * upon the expiration of this lease, the Tenant moves out * * * and fails to remove any trade fixtures or other property prior to such * * * removal * * * then and in that event, the said fixtures and property shall be deemed abandoned by the said Tenant and shall become the property of the Landlord." " (27) If, upon the termination of this lease for any reason or cause whatsoever, the Tenant shall have caused or permitted to remain thereafter upon the demised premises any structure or improvement whatsoever, including without being limited to a dining-car or diner, or any personal property of any kind whatsoever, then, upon the option of the Landlord, the same shall become the property of the Landlord and without thereby limiting or reducing, by way of set-off or otherwise, any rent or damages due, or claimed to be due, the Landlord and without notice to the Tenant, his heirs, successors or assigns or representatives. This clause '27th' supplements printed clause '22nd' hereinabove." From a reading of these two clauses it is clear that the parties intended the language in clause (22), "upon the expiration of this lease" to mean its expiration after the term had run, with or without renewal. It is equally clear that in using the language, "upon the termination of this lease for any reason or cause whatsoever", a cause other than expiration of the term of the lease was intended. On July 31, 1969 the lease expired, whereupon claimant became a holdover tenant. A fair appraisal of the proof establishes that claimant remained in possession at least until the date of appropriation on October 1, 1969. Upon that date the lease was terminated due to the vesting of title to the property in the State. Since claimant did not move out upon the expiration of the lease on July 31, 1969, there was no requirement to remove the fixtures under clause (22). With respect to clause (27), once the lease was terminated by appropriation, title to the land and the fixtures vested in the State. Claimant could not be required to remove structures and other personal property which no longer belonged to him. Hence, any right under clause (27) to claimant's property which the landlord may have had by way of option or otherwise was extinguished by the State's appropriation. Claimant was, therefore, entitled to be compensated for the value of the fixtures. The judgment should be reversed and a new trial had on which damages may be shown by competent proof. Since claimant's appraisal erroneously states the total damages suffered, he should be given permission to file a new appraisal on retrial.