OPINION OF THE COURT
Gerard M. Weisberg, J.
The question presented is whether all “condemnees” are necessary parties to a claim for the appropriation of real property, such that their interpleader is required. (Eminent Domain Procedure Law [EDPL] 103, 505.)
Claimant L-C Security Service Corp. was the mortgagee of real property acquired by the State. Claimant has moved to interplead L-C Equities (Equities), Jack Schwartz, Leslie Jonap and the Sidney Family Corporation (Family), the property’s reputed owners, praying that service upon Equities and Schwartz be made by certified mail at their last known residence address, upon the Family by service upon the Secretary of State, and upon Jonap by publication. The State contends that 17 additional encumbrancers and lienors should be inter-pleaded and that all such parties be served personally by the claimant.[1]
*434 The enactment of EDPL 505 (L 1977, ch 839, eff July 1, 1978) substantially altered the manner in which conflicting claims of title and the priority of lienholders are to be resolved in distributing appropriations damages. These changes may be regarded as the culmination of a process of jurisdictional consolidation which began with the amendment of section 22 of the Court of Claims Act. (L 1971, ch 689, eff June 22, 1971.) Prior thereto, the assessment of appropriations damages and their distribution were separate functions, the former belonging to the Court of Claims, and the latter to the Supreme Court. (See RPAPL 1505 [former].) The Court of Claims adjudicated suits by owners of real property and determined the fair market value of the property acquired. After the rendition of an award, the claimant was required to obtain releases from all lienholders or conflicting interests, as administratively determined by the State. Failing this, the Attorney-General would not certify the title and the Comptroller would accordingly refuse to make payment. Since the Court of Claims jurisdiction to resolve conflicting claims of title or lien priorities was dependent upon the consent of the parties, the procedure followed was to deposit the award in the Supreme Court where it would be subject to the claims of all interested parties. (See People ex rel. Palmer v Travis, 223 NY 150; cf. People ex rel. Smith v Sohmer, 163 App Div 830, affd 215 NY 709.) This bifurcated procedure was frequently the cause of substantial delay. (See 1967 Annual Report of the Court of Claims.)
Section 22 of the Court of Claims Act, as amended by the Laws of 1971, was designed to remedy these defects by ending “an unproductive division of labor between the Supreme Court and the Court of Claims”. (Governor’s Memorandum on approving L 1971, ch 689, NY Legis Ann, 1971, p 577.) The statute did not however accomplish that purpose, inter alla, because a whole class of interests still had no standing to make a claim in this court, to wit: judgment and other lien creditors. (Watson v New York Cent. R. R. Co., 47 NY 157; Weinstein v Taylor, 234 NYS2d 926; Wabst v State of New York, 11 Misc 2d 971; cf. Matter of County of Nassau, 24 NY2d *435 621.)[2] The rule was that “[t]he holder of an encumbrance is not entitled to make a direct claim for damages, but rather the entire lien becomes an equitable lien upon the condemnation award to the extent that the award may be sufficient to satisfy it.” (1972 Report of State Commission on Eminent Domain, p 89; see, also, 2 Nichols, Law of Eminent Domain [rev 3d ed], §§ 5.741, 5.742.) Notably, subdivision 2 of section 22 of the Court of Claims Act preserved the deposit procedure in the Supreme Court “[i]n the event the court [of claims] is unable for any reason to determine the various interests in the award”.
EDPL 505 and 103 remedy these jurisdictional infirmities by granting to all lienors and encumbrancers the status of “condemnees”. It confers standing upon them to file appropriation claims and concomitantly empowers the Court of Claims to foreclose their interests. Significantly, section 505 omits any reference to a deposit in the Supreme Court. It thus repeals, albeit by implication, portions of sections 22 and 23 of the Court of Claims Act. (EDPL 705.)[3] This court is now the exclusive forum for both the assessment and distribution of damages in appropriation cases, since its jurisdiction with respect thereto is complete and there should be no occasion where it is “unable” to act. Accordingly, the legislative purpose of allowing for a complete disposition of appropriation claims in a single action has been brought to fruition.
An important consequence of these changes is that all condemnees have thus been constituted necessary parties to an appropriation claim, so long as their claims are not time barred and have not been released. This follows from the fact that the Court of Claims would be powerless to make a complete disposition in one action so long as the rights of any potential claimants remained beyond its jurisdiction. The court would be forced to wait for the Statute of Limitations to expire on every potential claim *436 before it could proceed, thus insuring substantial delay. On the contrary, by interpleading or joining all condemnees prior to trial, potential claimants may be required to file within 120 days of service, thus permitting the expeditious resolution of the controversy.
The statute does not however prescribe whose responsibility it is to go forward with making service upon the condemnees once an action has been commenced, or by what method. Traditionally, the burden of clearing the title was claimant’s. (See Sydney Family Corp. v State of New York, 99 Misc 2d 731.) Under the present statute, the State’s exposure to suit ends after three years. (EDPL 503.) Claimant’s potential liability may extend beyond this period however, because damages in his hands may still be subject to the subsisting claims of lienors. The claimant then is the true stakeholder, not the State. By serving all “condemnees”, claimant accomplishes the dual purpose of facilitating the payment of damages to him, and potentially cutting off their rights to claim against the fund. Thus, claimant should bear the burden and expense of serving the necessary parties. As a practical matter, claimant has the greater incentive and is more likely to proceed expeditiously with service.
The method of service to be employed on interpleader is not specified by EDPL 505. Recourse may thus be had to section 14 of the Court of Claims Act which provides that “[plarties interpleaded shall be served with the order of interpleader, personally or by publication”. We do not interpret the statute as granting unfettered discretion to choose between these alternatives. CPLR 308 prescribes that substitute service under subdivision 4, or court-ordered service under subdivision 5 requires a showing of due diligence or the impracticality of the preferred methods which are set forth in CPLR 308 (subd 1, 2 or 4). (Feinstein v Bergner, 48 NY2d 234; Dobkin v Chapman, 21 NY2d 490.) CPLR 308 (subd 5) was intended to permit any service within the limits of due process. (See Boddie v Connecticut, 401 US 371, 382; Schroeder v City of New York, 371 US 208; Mullane v Central Hanover Trust Co., 339 US 306; Milliken v Meyer, 311 US 457, reh den 312 US 712.) In discussing *437 Dobkin v Chapman (supra), Professor McLaughlin points out that “[e]yen though it affirmatively appears that the method selected to give the defendant notice in all probability will fail [such as by publication], due process may still be met if the plaintiff has sought unsuccessfully to use the more conventional methods of service, and the defendant is at least partly responsible for the impasse.” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C308:5, p 212 et seq.) The implication is that a showing of due diligence or impracticality is a constitutional prerequisite to the use of publication or other unconventional methods. Accordingly, the same criteria should apply here. In the present case, no foundation has been laid for the use of either certified mail or publication. Claimant’s obtaining an order of publication dated July 26, 1978, with respect to Leslie Jonap in a mortgage foreclosure action brought in the Supreme Court, is too remote in time to furnish a jurisdictional predicate for the granting of similar relief at this state of the proceedings.
Accordingly, claimant shall effect personal service in the manner provided by CPLR 308.
The claimant may make a further application with respect to publication or other modes of service should personal service fail.

. Although the State failed to serve a notice of cross motion or a formal notice under CPLR 2215, we deem its request for relief by affidavit the functional equivalent thereof, since the court had the opportunity to hear argument and no prejudice has been demonstrated. (Plateis v Flax, 54 AD2d 813; Allied 31st Ave. Corp. v City of New York, 23 AD2d 678; cf. CPLR 2215, as amd by L 1980, ch 132, eff Jan. 1, 1981.)

. See chapter 40 of the Laws of 1977 which amended section 9 of the Court of Claims Act to provide that a real property tax lien was an interest in real property for purposes of filing an appropriation claim. (See Memorandum of Dept of Audit and Control, NY Legis Ann, 1977, p 70.)

. Cf. EDPL 304 (subd [E]), L 1980, ch 735, eff Sept. 1, 1980, which incorporates by reference these sections, seemingly indicating their continued validity.