OPINION OF THE COURT
Jeremiah J. Moriarty, J.
This proceeding, pursuant to EDPL 304 (subd [E], par [1]), and subdivision 12 of section 9 of the Court of Claims Act, was brought by the City of Syracuse for a court-ordered distribution of money (the fund) deposited by the State Comptroller pursuant to EDPL 304 (subd [E]).*
The fund arises from the acquisition, by the State of New York, of the former A. C. Silverman Hospital, located at 345 Renwick Avenue, Syracuse, New York. At the time of the acquisition, the City of Syracuse was the owner of the hospital premises in fee. On March 27, 1981, the State of *9 New York entered into an agreement to purchase the hospital from the City of Syracuse for a total consideration of $720,000. It was additionally provided that if the Attorney-General deemed it necessary, the State would acquire the property by appropriation, thereby extinguishing all title interests. In that event, the purchase agreement would become an “agreement of adjustment”, and the agreed purchase price would be “payment in full of any and all claims arising from the acquisition.”
On July 9,1981, the State of New York appropriated the premises. Thereafter, pursuant to EDPL 304 (subd [E], par [2]), the Comptroller deposited the entire proceeds in an interest-bearing account subject to disposition by order of the Court of Claims. The Attorney-General certified that, in addition to the city as former fee owner, the County of Onondaga possessed a possible equitable interest in the property at the time of the acquisition.
The alleged interest of the county arises from its tenancy in the premises from January 1, 1967 to July 1, 1977. In December, 1966, the City of Syracuse, as owner, leased the hospital facilities to the County of Onondaga, pursuant to a duly executed and approved lease agreement. The initial term was for five years, with two five-year renewal options. The rent reserved was “the sum of One Dollar ($1.00) and other good and valuable .consideration. ” By the terms of the lease, the county was to operate a hospital therein and was solely responsible for the maintenance, repair and upkeep of the facility. In addition to ordinary upkeep, the county was required to bear all expenses necessary to bring the facility into compliance with all applicable local and State codes. Nowhere did the instrument provide for reimbursement of any amounts expended by the county for any purpose. Neither is there any provision reserving to the county the right to remove or be paid for any fixtures installed during its tenancy. In fact, the county was obligated to insure the city’s interest in the property against loss due to fire, while the city was expressly relieved of any obligation to rebuild the structure in the event of such a loss. The county occupied the hospital, under the lease, throughout the initial five-year term and the first option period. On July 1, 1977, it vacated the premises and the facility was closed.
*10 The county asserts that it possesses an equitable interest in a portion of the proceeds of the acquisition, arising from the expenditure of more than $700,000 to renovate the hospital through the course of the tenancy. It is the county’s position that since the inception of the lease agreement, there were assurances from the city that the county would be reimbursed for a portion of the money invested in the hospital. Additionally, the county asserts that a subsequent agreement between the parties modified the original lease by providing that the county should receive a share of the proceeds of any sale of the facility in exchange for providing data processing services to the city for the period 1977 to 1981.
It is the city’s position that the county has no title interest in the appropriated property and that this court lacks jurisdiction to adjudicate any alleged contractual or equitable interest in the proceeds of the acquisition.
The Eminent Domain Procedure Law confers upon the Court of Claims jurisdiction to determine not only the value of the appropriated property, but also to resolve conflicts of title and order the distribution of an award or fund resulting from the acquisition of property by the State of New York (EDPL 501, subd [A]; 505). The EDPL provisions were intended to avoid prolonged and duplicative litigation in the Court of Claims and Supreme Court over title interests in the property, and conflicting claims to the proceeds of an appropriation. (Cf. L-C Security Serv. Corp. v State of New York, 107 Misc 2d 433.)
EDPL 304 (subd [E], par [1]) provides the basis for the court’s jurisdiction over this proceeding. The court’s function herein is to determine who is legally entitled to the fund created by the deposit of the agreed purchase price as set forth in the “Agreement of Adjustment”. While the county asserts an equitable interest in the proceeds, it is our conclusion that, to be cognizable in this court, an interest in “the fund” must arise from an interest in the property appropriated. Court of Claims jurisdiction is constitutionally and statutorily limited to claims against the State of New York, claims in favor of the State of New York against a claimant, or claims arising from an appro *11 priation by the State of New York. (NY Const, art VI, § 9; Court of Claims Act, § 9.)
Title interests or valid liens against real property which existed at the time of taking and are extinguished by an appropriation are preserved as liens against the award. (Cf. Matter of County of Nassau [Gelb-Siegel], 24 NY2d 621; Matter of Cantro v Comptroller of State of N. Y., 198 Misc 925; Copp v Sands Point Marina, 17 NY2d 291; Muldoon v Mid-Bronx Holding Corp., 287 NY 227; Matter of Barber, 274 App Div 712.) The holders of such interests have the status of condemnees under the Eminent Domain Procedure Law, and may pursue their rights in this court. (EDPL 101, 501, 505.)
However, rights or remedies which do not arise from a valid interest in the real property, but are based upon implied or express contract between private parties, must be litigated in courts of general jurisdiction. (Cf. 405 Co. v State of New York, March 16, 1983, motion No. M-28036, Koreman, J.) A judgment based upon contractual or equitable considerations can be paid from the general funds of the city.
Based upon the lease provisions set forth above, we find that the County of Onondaga is not entitled to any share in the proceeds of the appropriation of the hospital by the State of New York. The lease did not reserve to the county any right to remove fixtures installed during the course of the tenancy; the city was not required to reimburse the county for any money expended either for maintenance or modernization of the premises; and nothing contained within the agreement provided for any sharing of the value of the facility after the expiration of the lease. The parties and this court are bound by the provisions of the lease. (Daniel Holding Corp. v Two Thirty Four West Forty Second St. Corp., 255 App Div 8.) Absent express provisions to the contrary, the county had no right to remove improvements made during the course of the tenancy. (People ex rel. Hudson Riv. Day Line v Franck, 257 NY 69.) Similarly, in the event of an appropriation, the county would not be entitled to any award for fixtures or improvements unless, under the terms of the lease, it had reserved the right to remove those items or be compensated for them at the *12 termination of the lease. (See 19 NY Jur, Eminent Domain, §§ 182, 183, and cases cited therein.)
With respect to the county’s claim that there was a subsequent modification of the lease, none has been shown. No documentation of such an agreement has been placed in evidence. Further, the city cannot be bound to an implied modification of the lease which was not approved by the City Council and the Board of Estimate, as required in the city charter. (See Syracuse City Charter, § 6-202; Michaels v County of Tioga, 61 Misc 2d 603.) Any subsequent agreement relating to the provision of data processing service to the city did not create a lien against the property and, therefore, cannot be adjudicated in this proceeding.
The State of New York is not subject to a claim by the county for the value of the improvements for two reasons. First, the county had no rights of removal or reimbursement under the lease. (Conklin v State of New York, 46 AD2d 936; Matter of City of New York [Horace Harding Expressway], 4 AD2d 683.) Second, the lease expired four years prior to the appropriation and the right of removal was not asserted against the city at, or prior to, the termination of the tenancy. (Matter of Starr St., 73 Misc 2d 380.) The county therefore had no legal interest in, or lien against the hospital premises at the time of the acquisition. (Daniel Holding Corp. v Two Thirty Four West Forty Second St. Corp., 255 App Div 8, supra.) The State cannot hereafter be liable to the county for any purported interest in the premises; and the city is solely entitled to the fund which arose from the acquisition.
It is therefore ordered that the application of the petitioner, the City of Syracuse, is hereby granted in all respects, and the fund (in the sum of $720,000, plus accrued interest) deposited pursuant to EDPL 304 (subd [E], par [1]), is hereby awarded to the City of Syracuse; and it is further ordered that the Comptroller of the State of New York is hereby directed to pay the petitioner, the City of Syracuse, the sum of $720,000, plus accrued interest.

 The “notice of deposit”, prepared by the Attorney-General, indicates that the deposit was made in accordance with the provisions of EDPL 304 (subd [E], par [2]). However, the court notes that this proceeding more properly falls within the ambit of paragraph (1) of that subdivision.